Judge Stites
delivered tlie opinion of the Court.
James Clark was indicted under the Revised Statutes — Sec. 2, Art. 10, Chap. 28, title Crimes and Punishments — “for having unlawfully in his possession, on 4 the 1st day of December, 1852, twenty counterfeit 1 bank notes of the Farmers Bank of Kentucky, each 1 of the denomination of twenty dollars; ten counter- ‘ feit bank notes on the Farmers Bank of Kentucky, 5 of the denomination of ten dollars; twenty one dollar bills on the Northern Bank of Kentucky; twen- ‘ ty two dollar bills on the Farmers Bank' of Ken- * tucky; twenty one dollar bills on the Farmers Bank ‘ of Kentucky; twenty twenty dollar bills on tho * Southern Bank of Kentucky; twenty ten dollar bills» ‘ on the Southern Bank of Kentucky; all of which *212 «was payable at the different offices of discount and ‘ deposit of said banks in this State, and which said ‘ counterfeit notes, whilst thus in his possession, were * known to him to be counterfeit, and were held by ‘ him with intent to defraud, by selling and passing 4 the same.”
• Upon trial in the Circuit Court he was convicted, and sentenced to imprisonment in the penitentiary for two years, and from that judgment has appealed to this court.
The main ground relied on. for reversal is alleged error of the Circuit Court in granting and refusing instructions to the jury.
The evidence conduced to show very clearly that the accused, about the time alleged, had in his possession counterfeit bank bills, with an intent to pass the same; but no witness could state that the bills thus in his possession purported to be bills upon either of the banks mentioned in the indictment. One witness proved that the bills he saw were, as he thought, “on some of the banks of Virginia.” And another stated that the accused exhibited to him some counterfeit bank bills, ‘one of which he thought was a ten dollar Kentucky bill.’ There was other testimony showing that he had a number of counterfeit bank bills in his possession, with an intent to pass them fraudulently, but none as to the description of the bills.
Upon this evidence, among other instructions asked by counsel for the accused was the following: “That unless the jury should believe from the evi- ‘ dence, to the exclusion of a reasonable doubt, that ‘ the defendant, before the finding of the indictment, khad in his possession counterfeit bank bills, or a ‘ counterfeit bank bill, of the description and denomi- ‘ nation mentioned in the indictment, with the inten1 tion of passing the same, they should acquit the ‘prisoner.” This instruction was refused by the court, and an exception taken to the refusal by the defendant.
1. “Where a person or thing necessary to be mentioned in an indictment is de scribed with circumstances of greater particularity than is requisite,yet those circumstances must be proved, otherwise it would not appear that the person or thing is the same described in the in dictment.” (See Wharton's Am. Crim. Ev., 3d edition, p. 101; Dorsett’s Case, 5 Roger’s Rec. 77; 6 Maine, 476; United States vs. Porter, 3 Day's Cases, 283.)
2. The indict-1 meat was for having counterfeit bills in possession, of a certain description, purporting to be on certain named banks, with the intent to pass them; the proof failed to show that the notes which defendant had purported to be on any of the banks specified — such proof was necessary to author ¡ze a conviction, and the court Bhould have so instructed the jury when requested.
*213 The doctrine seems to have been well settled in England and this country, that in criminal cases, although words merely formal in their character may be treated as surplusage, and rejected as such, a descriptive averment in an indictment must be proved as laid, “and no allegation, whether it be necessary or unnecessary, more or less particular, which is descriptive of the identity of what is legally essential to the charge in the indictment can be rejected as surplusage.”
So where a person or thing necessary to be men-: tioned in an indictment is described with circumstances of greater particularity than is requisite, yet those circumstances must be proved, otherwise it would not appear that the person or thing is the same described in the indictment. (Wharton’s Am. Crim. Law, 3d edition, 231; Roscoe’s Criminal Evidence, 101.)
Thus, on an indictment for coining, there was an alleged possession of a die made of iron and steel, when, in fact, it was made of zinc and antimony. The variance was deemed fatal. (Dorsett’s case, 5 Roger’s Rec. 77.) On an indictment for stealing a pine log, marked» with a particular mark, it was held that the mark must be proved as alleged, and the description could not be rejected as surplusage. (6th Maine, 476.) And in the case of the United States vs. Porter, 3 Day’s cases, 283, the court held, that an allegation in an indictment, not impertinent or foreign to the cause, must be proved, though a prosecution for the offense might fee supported without such allegation.
Here the description of the bills, as set forth in the indictment, if not essentially necessary to the prosecution under the statute referred to, is neither impertinent or foreign. And having been .alleged, however, it devolved upon the commonwealth to prove, as alleged, that the defendant had a bill or bills of the description and denomination stated, with intent to pass the same.
3. It is not necessary that the intention «hould be to pass counterfeit bills in the State of Kentucky — th e statute is general, embracing the intention to pass them at any .place.
In refusing to submit that question to the jury, as asked for in the instruction referred to, the Circuit Court, in our opinion, erred to the prejudice of the accused.
In reference to the instruction requiring the jury to find that the accused intended to pass the bills in this state, such intent is not demanded by the statute, and that instruction was properly refused. The offense created by the statute, is having counterfeit bank bills in possession, with an intent to pass them, without reference to the place where such passing shall occur.
Th.e action of the Circuit Court upon the ground for a new trial, for alleged misconduct of the jury, is not embraced among the errors that are subject to revision by this court, and need not be noticed.
For the reasons assigned, the judgment is reversed, and cause remanded for a new trial in conformity with this opinion.