JUDGE WOOD
DELIVERED THE OPINION OF THE COURT:
This was an indictment under the act of assembly passed at the session 1853-4, (see Session Acts,p. 72,) against the defendant, charging him with the offense of betting on an election.
The indictment describes the character and circumstances of *369 the bet with particularity. There is an effort to allege specifically the maimer and form of the bet.
In regard to what the bet was, there was a considerable variance between the evidence and the allegations of the indictment. The bet as proved was different from the bet as alleged.
The circuit court instructed the jury, amongst other things, substantially, that the bet must be proved in manner and form as alleged.
The verdict and judgment were for the defendant.
The Commonwealth seeks to reverse this judgmem^gp'tb supposed error of the circuit court in refusing and givij^i^S'uc-tions.
We do not think there was any error in the instructor by the court; and we are, moreover, of opinion, that,1 it expressed fully and correctly the law of the case.
In Clark vs. The Commonwealth it was decided by thi^tcoimfe. upon ample authority, that where a person or thing necessary to be mentioned in an indictment, is described with circumstances of more particularity than is requisite, yet those circumstances must be proved as alleged, otherwise it would not appear that the person or thing is the same described in the indictment. (16 B. Mon., 206, and authorities there cited.)
Upon the principle recognized and established in that case, it was necessary that the Commonwealth should prove the bet to have been made, as it had been alleged, because the character and form and terms of the bet were described fully and specifically in the indictment.
We do not hold that it was necessary thus minutely and specially to have described the act or acts supposed to have constituted the offense., The indictment would havre been good without such minuteness and particularity of description.
So far as the allegation of the facts constituting the offense is concerned, the indictment is sufficient, if “ the act or omission charged as the offense, is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case.” (Criminal Code, section 128, sub-division 3.)
“ No indictment is insufficient, nor can the trial, judgment, *370 or other proceeding thereon, be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits.” (Criminal Code, section 129.)
The act of 1853-4. and the provisions of the Code of Practice when applied to indictments found under that statute, should be construed liberally, so as to give effect to the intention of the legislature, which was to suppress, and, if possible, eradicate the most pernicious practice of betting on elections. Substance, and not technicalities, should be regarded.
But as the indictment in this case contained a particular description of the acts supposed to constitute the offense, the court correctly instructed the jury that the bet, in its character and terms, must be proved as alleged in the indictment.
The judgment of the circuit court is affirmed.