CASE 2—INDICTMENT—DECEMBER 3.

# Commonwealth vs. Garland, &c.

APPEAL FROM WARREN EQUITY AND CRIMINAL COURT.

The decisions in the cases of *Clark vs. Commonwealth,* (16 *B. Mon.,* 206,) *and Commonwealth vs. Magowan,* (1 *Met.,* 369,) and the authorities relied on in support of them, go no farther than to establish the doctrine that "no allegation, whether necessary or unnecessary, which is *descriptive* of the *identity* of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage."

Allegations of value in an indictment are in no proper sense descriptive of identity, and need not be proved as laid. They serve, in general, only to distinguish between different degrees of the offense of larceny.

On an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in the offense charged. (*Crim. Code,* secs. 258, 259, 260.)

Commonwealth vs. Garland, &c.

The first and second sections of the act of 1858, against gaming with negroes, (1 *Rev. Stat.*, 572,) define an offense consisting of two degrees. To convict of the first degree it is necessary to show that "money or other thing of value" shall have been bet, won, or lost, whatever may have been the amount or the value of the money or thing so bet; and it is not necessary to prove the *value* as alleged. To convict of the lower degree, as defined by the second section, it is only necessary to prove the *gaming*. And, under an indictment charging the facts necessary to constitute the higher degree of the offense, the defendant may be convicted of the lower degree.

A. J. JAMES, Attorney General, for Commonwealth, cited 1*st and* 2*d sections of act of* 1858, 1 *Rev. Stat., page* 572.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This was an indictment under the act of 1858, (1 *Rev. Stat., page* 572,) by the *first* section of which, any free white person who shall play with a negro any game of cards or other game, whereby money or other thing of value shall be bet, won, or lost, shall be fined not less than fifty nor more than one hundred dollars, and disqualified from holding office.

The *second* section provides that any free white person, who shall play at any game whatever, with a free negro or slave, shall be fined not less than ten nor more than twenty dollars.

The indictment charges that the defendants engaged in a game of cards with one Dave Wright, a slave, in which game "money and other property of the value of $5 00 was bet, won, and lost," &c.

It was proved on the trial that the defendants had been found playing cards with the slave mentioned, and the evidence conduced to show that "some money, about one dollar," as the witness described it, was played for.

The court, at the instance of the defendants, thereupon gave the following, among other instructions : "That unless the Commonwealth prove that there was *five dollars* bet, won or lost, they must find the defendants not guilty." There was, of course, a verdict and judgment for the defendants, and the Commonwealth has appealed.

This instruction was probably founded on a misconception of the principle settled by this court in the two recent cases of *Clark vs. Commonwealth*, (16 *B. Mon.*, 206,) and *Commonwealth vs. Magowan*, (1 *Met. Ky. Rep.*, 369.) These decisions, and the au-

thorities relied on in support of them, go no further than to establish the doctrine that "no allegation, whether necessary or unnecessary, which is *descriptive* of the *identity* of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage." Thus, it is said, that if a man be charged with stealing a *black* horse, the allegation of color, although unnecessary, yet being descriptive of that which is material, could not be rejected. But suppose it had been also alleged that the horse was of the value of *one hundred dollars*, and the proof had shown the value to be *fifty* dollars only, would it be pretended that this variance would have been fatal? Allegations of value are in no proper sense, descriptive of identity. They serve in general only to distinguish between different degrees of the offense of larceny, and even at common law, under an indictment for stealing goods of the value of ten shillings, the jury might find the defendant guilty only of goods to the value of sixpence, and so guilty only of petit larceny. (2 *Russell on Crimes*, 790.) And so under the *Criminal Code*, on an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in the offense charged. (*Sections* 258, 259, 260.)

The statute on which this indictment is founded defines an offense consisting of two degrees. To convict of the first degree it is necessary to show that "money or other thing of value" shall have been bet, won, or lost, whatever may have been the amount or the value of the money or thing so bet. To convict of the lower degree, as defined by the second section, it is only necessary to prove the gaming; and under an indictment charging the facts necessary to constitute the higher degree of the offense, the defendant might be convicted of the lower degree. So that in every aspect of the case, the instruction was erroneous.

The judgment is therefore reversed, and the cause remanded for a new trial and further proceedings in conformity with this opinion.