### L. BODEN *v.* COMMONWEALTH.

**Criminal Law—Indictment and Proof—Permitting Gaming.**

Where the defendant and another are charged with unlawfully suffering and permitting gambling to be conducted on premises in their occupation and under their control, and the proof shows that the defendant alone occupied and had controlled the premises, there can be no conviction.

#### APPEAL FROM NICHOLAS CRIMINAL COURT.

September 12, 1877.

OPINION BY JUDGE ELLIOTT:

This appeal seeks the reversal of a judgment of the criminal court of the county of Nicholas.

The indictment charges that the appellant and Wm. O'Mara, on the —— day of ——, 1874, and divers other days, did unlawfully suffer a game of cards to be played in a house and on premises in their occupation and under their control, at which game so played money and property to the value of twenty dollars and more was bet, won and lost.

On the trial of this cause the evidence conduced to prove that the appellant kept a grocery in a house in the town of Carlisle, and that his customers frequently played cards with an understanding that the loser should pay for the drinks of the parties engaged in the game, and that the grocery house where the games were played was in the occupancy and under the control of appellant, and not under the control of him and O'Mara jointly.

At the close of the evidence the court was asked by appellant to instruct the jury that, unless they should believe from the evidence beyond a reasonable doubt that he suffered or permitted the gaming charged in the indictment in a house in the occupancy and under the control of himself and O'Mara, their verdict should be that of not guilty, which instruction was refused by the court and appellant excepted.

In the case of *Clark v. Commonwealth,* 16 B. Mon. 206, this court decided that "a descriptive averment in an indictment must be proved as laid, 'and no allegation, whether it be necessary or unnecessary, more or less particular, which is descriptive of the identity of what is legally essential to the charge in the indictment can be rejected as surplusage,' so where a person or thing necessary to be mentioned in an indictment is described with circumstances of greater particularity than is requisite, yet those circumstances must be proved, otherwise it would not appear that the person or thing is the same described in the indictment." And this decision has since been approved by this court in the case of *Commonwealth v. Magowan,* 1 Met. 368.

It was legally essential to appellant's conviction that the indictment should charge not only that he permitted the gaming, but that he did so on premises either in his occupancy and under his control, or in the occupancy and under the control of himself and some other person. In this case the commonwealth described the premises as those in the occupancy and under the control of appellant and O'Mara, and this allegation must be proved as laid or it will not appear that the place where the games were played is the same de-

scribed in the indictment.  For the error in refusing the instruction indicated in this opinion the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Hargis & Norvell, for appellant.    Moss, for appellee.*