## MERCER TALBOTT v. COMMONWEALTH.

**Criminal Law—Betting on Election—Evidence.**

In a charge against the accused for betting with another that a named person would not be elected county judge at the August election of 1874, the state, to convict, must prove not only that the accused made a bet on the election of 1874, but that he made the bet with the person named in the indictment, that the person named as running for judge would not be elected at the election of 1874.

**Proof.**

Where a person or thing necessary to be mentioned in an indictment in a criminal case is described with circumstances of more particularity than is required, those circumstances must be proven as alleged.

### APPEAL FROM DAVIESS CRIMINAL COURT.

February 15, 1878.

OPINION BY JUDGE ELLIOTT:

The indictment charged appellant with betting on an election, by stating that in 1874 he made a bet or wager with one J. C. Brown that George W. Jolly would not be elected county judge of Daviess county at the August election, 1874, and that Jolly was a candidate and voted for at that election for the office of county judge of Daviess county.

The evidence introduced indicating that appellant had made a bet was by C. A. Orrin, who proved that on the day of the election there was some money counted at Lewis Station, twelve miles from Owensboro, and it was said by some one present at the counting, but not by the person counting the money, that a portion of the money belonged to Mercer Talbott, a portion of it to S. Riley, and a portion of it to J. C. Brown, and the same party said that it was money bet on the election, but that appellant was not present at the time, being at Owensboro. He says he afterward met appellant at Owensboro, and dunned him for a small debt, and his response was, "I will pay it when this thing is settled", and although he did not say what thing witness thought he meant the election. The appellee then proved by Beatty Jewell that Jim Crow placed some money in his hands and asked him to keep it until he returned; that he afterwards paid it out on Crow's order, a part of it to S. Riley and the balance to appellant; that Talbott was not present when witness received the money, and Crow did not say whose money it was; that Crow was constable at the time; and witness further swore that he

knew of no bet that appellant had on the election. This was all the evidence introduced touching on appellant's guilt, and it was permitted to go to the jury over appellant's objection and exception.

At the close of the evidence the appellant asked the court to instruct the jury to find him not guilty, which the court refused. We are of opinion that this instruction should have been given. The proof of what somebody said when some money was being counted in the absence of appellant was illegal, and should not have been permitted to go to the jury. Indeed there was no evidence tending to the appellant's guilt.

The commonwealth was bound under this indictment to prove not only that appellant made a bet on the election of 1874, but that he made the bet, with J. C. Brown, that George W. Jolly would not be elected county judge of Daviess county at the election of 1874.

The writers on Criminal law lay it down as a rule that where a person or thing necessary to be mentioned in an indictment is described with circumstances of more particularity than is requisite, those circumstances must be proved as alleged; and this rule of law has been followed in *Commonwealth v. Magowan,* 1 Met. 368, and *Clark v. Commonwealth,* 16 B. Mon. 206, and other cases.

There was no evidence that appellant made a bet with J. C. Brown that George W. Jolly would not be elected county judge of Daviess county at the August election, 1874, and therefore the court should have instructed the jury to find for the defendant, and any other instruction was erroneous and misleading.

Wherefore the judgment is *reversed,* and cause remanded for further proceedings not inconsistent with this opinion.

*Riley, Jolly & Walker, for appellant.    Moss, for appellee.*

