HENRY W. MERRITT *vs.* JOSEPH H. JACKSON.

Suffolk.    November 22, 1901. — March 3, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Bills and Notes,* Reasonable time for demand.    *Negotiable Instruments Act.    Evidence,* Burden of proof.

In the absence of any evidence of usage of trade or facts of the particular case to bring it within St. 1898, c. 533, § 193, a demand on a promissory note payable on demand must be made within sixty days of the date in order to hold an indorser.    *Semble,* that, if there is any such usage or any fact or circumstance to excuse a delay in making the demand, the burden is on the holder to show it.

LATHROP, J.    This is an action against the defendant as indorser of four promissory notes, made by the Jackson Typewriter Company, payable to the defendant, upon demand, and indorsed by him in blank.    One note is dated December 19, 1899, and the other three are dated January 5, 1900.    Demand was made and notice given on April 4, 1900.

In the Superior Court, after the introduction of evidence not material to the exceptions, the defendant requested the judge to rule that upon all the evidence the plaintiff was not entitled to recover.    The judge refused so to rule, and found for the plaintiff; and the case is before us upon the defendant's exceptions.    The only question in the case is whether the demand was made within a reasonable time.

The St. of 1898, c. 533, § 71, is in part as follows: " Where it [the instrument] is payable on demand presentment must be made within a reasonable time after its issue."

Section 193 of the same act provides: " In determining what is a ' reasonable time ' or an ' unreasonable time ' regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments, and the facts of the particular case."

Before the St. of 1898, which took effect on January 1, 1899, was passed, the law applicable to notes payable on demand was regulated by the St. of 1839, c. 121, which was retained in substance in the subsequent compilations of the statutes.    Section 1

of this statute provided, in substance, that the maker should have the same defence against an indorsee as against a payee. Section 2 provided that, on any promissory note payable on demand. made after the act took effect, a demand made at the expiration of sixty days from the date thereof without grace, or at any time within that term, should be deemed to be made within a reasonable time. Section 3 provided for the liability of indorsers.

Section 1 of this act was slightly changed by the St. of 1857, c. 192, but was revived, with an amendment by the St. of 1858, c. 70. And so it appears in the Gen. Sts. c. 53, § 10, and the Pub. Sts. c. 77, § 14. Sections 2 and 3 of the act appear in the Gen. Sts. c. 53, § 8, and the Pub. Sts. c. 77, § 12.

We have no doubt that the section of the Pub. Sts. c. 77, last mentioned has been repealed by § 197 of the St. of 1898, which provides: " All acts and parts of acts inconsistent with the provisions of this act are hereby repealed." We are therefore obliged to consider what is the law merchant, which was in force in this Commonwealth before the St. of 1839 took effect, and which is restored by the St. of 1898.

Before the St. of 1839, c. 121, was passed, the rule was well settled that as to a promissory note payable on demand, a demand in order to charge an indorser must be made within a reasonable time, and if no such demand was made, the note was considered as overdue and dishonored. This question arose also in another class of cases, namely, as to the length of time in which a note payable on demand, and remaining unpaid, would be held to be dishonored, and subject to the grounds of defence which would be open to the maker in a suit by the payee. See *Paine* v. *Central Vermont Railroad,* 118 U. S. 152, 160.

But while the general rule was well settled, there was found to be great difficulty in its application ; and it was said to be impossible to fix any precise period, as each case depended upon its particular circumstances. Parker, C. J., in *Field* v. *Nickerson,* 13 Mass. 131, 137. In *Seaver* v. *Lincoln,* 21 Pick. 267, it was said by Chief Justice Shaw, " One of the most difficult questions presented for the decision of a court of law, is, what shall be deemed a reasonable time, within which to demand

payment of the maker of a note payable on demand, in order to charge the indorser. It depends upon so many circumstances to determine what is a reasonable time in a particular case, that one decision goes but little way in establishing a precedent for another."

As to what has been held by this court to be a reasonable or unreasonable time, the cases are thus summed up by Mr. Justice Dewey, in *Ranger* v. *Cary*, 1 Met. 369, 374: "In *Field* v. *Nickerson*, 13 Mass. 131, the period of eight months was held not to be within a reasonable time to make a demand to charge the indorser; and in *Seaver* v. *Lincoln*, 21 Pick. 267, where the demand was made in seven days after the date of the note, it was held to be within due time. In *Sylvester* v. *Crapo*, 15 Pick. 92, a note that had remained unpaid for eleven months before it was negotiated, was held to be dishonored; and the shorter period of six months was, in *Thompson* v. *Hale*, 6 Pick. 259, held sufficient to subject it to the defence of a note overdue. On the other hand, a note indorsed seven days after its date was held, in *Thurston* v. *M'Kown*, 6 Mass. 428, to have been transferred in season to avoid any ground of defence arising from the equities between the original parties."

In *Ranger* v. *Cary* it was held that a note payable on demand was not to be regarded as overdue if indorsed within one month after its date.

The cases on this subject may be found collated in Norton's Handbook on Bills and Notes, (3d ed.) § 140, p. 347.

In the case before us no evidence was introduced of "the usage of trade or business, if any, with respect to such instruments," nor do the facts of the case appear apart from what the instrument itself shows.

We have no doubt that when the holder of such a note seeks to hold an indorser, the burden is on him to show that a demand was made upon the maker within a reasonable time; and that if there is any usage of trade or any fact or circumstance to excuse a delay, the burden is on him to show it. See *Keyes* v. *Fenstermaker*, 24 Cal. 329.

It is urged, however, that the court will take judicial notice of business in a community, including the universal practice of banks; and attention is called to the fact that in the charge to

the jury in *Field* v. *Nickerson*, 13 Mass. 131, 132, where the question was whether an action could be maintained by an indorsee against an indorser on a promissory note payable on demand, where the demand was made on the maker eight months after the date of the note, Chief Justice Parker, after stating to the jury that the demand must be made in a reasonable time, and that what was a reasonable time was a question of law in that case, further instructed the jury, " that, all the parties to the transaction living in a town where credit for loans of money among merchants is commonly given for thirty, sixty, or ninety days, the indorser must be considered as having contracted with reference to the usual period; that a delay of eight months was unreasonable. . . ." The jury were directed to return a verdict for the defendant. Nothing is said on this subject in the opinion. Whether or not an analogy can be drawn from the fact that in the business community the rate of credit may be thirty, sixty or ninety days, the St. of 1898, c. 533, § 193, as we already have pointed out, limits the question of usage to that of trade or business " with respect to such instruments." The statute took effect on January 1, 1899. All but one of the notes in suit were dated early in January of the next year. We are not aware that in the interval any usage of trade or business with respect to demand notes had grown up different from that which had had the force of law for nearly sixty years.

In a case like the present, in the absence of any evidence to bring the case within § 193 of the St. of 1898, we are of opinion that a demand on the maker should be made at or before the expiration of sixty days; that the demand in this case was not made within a reasonable time; and that the ruling requested should have been given.

*Exceptions sustained.*

*J. Lowell*, for the defendant.

*E. A. Whitman*, (*R. Walcott* with him,) for the plaintiff.