### JAMES W. TOOLE *vs.* LINUS D. CRAFTS.

Hampden.    September 24, 1907. — October 16, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Bills and Notes. Evidence,* Extrinsic affecting writings. *Waiver.*

Where, in an action against the indorser of a promissory note payable on demand, it is admitted that the note was not presented to the maker for payment in time to hold the indorser unless demand and notice were waived by him, and a second indorsement " Waiving demand, notice and protest" signed by the indorser appears on the back of the note under a date more than four years later than the date of the note, it is proper to leave to the jury the questions whether the waiver related to a demand to be made and a notice to be given in the future or whether it related to the original requirement of a demand to be made and notice to be given before the defendant should become liable at all, and on these issues oral evidence is admissible to show that in a conversation between the defendant and the agent of the plaintiff who procured the signing of the waiver, which preceded and brought about such signature, two demands upon the maker of the note were in the minds of the parties, one, which if it had been made within sixty days of the date of the note more than four years earlier would have made the defendant liable under R. L. c. 73, § 88, and another which the plaintiff's agent intended to make in the immediate future, in order that the jury may apply the language of the writing to its subject matter and say to which of these demands the defendant's waiver related.

CONTRACT on a promissory note against the maker and the indorser. Writ in the Police Court of Holyoke dated August 2, 1904.

On appeal to the Superior Court the case first was tried before *Flaherty*, J. At this trial the defendant Howard A. Crafts, the maker of the note, admitted his liability and the judge ordered a verdict for the plaintiff as against him. As against the other defendant, Linus D. Crafts, the indorser of the note, the jury returned a verdict for the plaintiff in the sum of $451.33. This defendant alleged exceptions which after the death of *Flaherty*, J., were allowed by *Hitchcock*, J., and later were sustained by this court.

Judgment having been entered against the maker of the note, there was a new trial, against the indorser alone, before *Wait*, J.

The note was as follows:

"Holyoke, Mass., Apr. 2, 1900.
" $500.

"On demand after date I promise to pay to the order of James W. Toole Five hundred dollars with interest at 6 per cent per annum.

"Value received.

"No.      Due.                    Howard A. Crafts."

Indorsed on back as follows:

"L. D. Crafts.
"Int. paid to Oct. 2, 1900.
Int.   "   "   April 2, 1901.
$100.00 paid on note.
Int. paid to Oct. 2, 1902.
Int.   "   "   April 2, 1903.
"   "   "   Oct. 2, 1903
"June 27, 1904.
"Waiving demand, notice and protest.
"L. D. Crafts.
"Witness
"R. A. Allyn."

It was admitted that the plaintiff lent $500 on the note; that the plaintiff received from Howard A. Crafts on April 2, 1900,

the promissory note for $500, signed by Howard A. Crafts, payable to the order of the plaintiff, on demand, with interest at six per cent per annum; that the note was indorsed by Linus D. Crafts, the defendant, before delivery; and that the indorsements of payments appeared on the note which are printed above. The plaintiff testified that he made no demand of any kind upon Howard A. Crafts before June 2, 1900, that is within sixty days, and had no talk with him about the note during that time; that he wrote to him two or three times three or four years later, and finally placed the note with R. A. Allyn, Esquire, a lawyer in Holyoke, for collection; and that no more had been paid on the note than the interest as stated, and the sum of $100.

The judge in making his charge put to the jury the following questions:

1. Did the waiver relate to future action, that is, future demand to be made and notice to be given in the future.

2. Did it relate to a waiver of the original requirement of a demand to be made and notice given before the defendant should become liable at all?

Upon this matter he instructed the jury as follows:

"Now, perhaps the first thing you should determine is this: It is possible, it is argued upon the evidence, that Mr. Crafts' indorsement upon the back of that note related entirely to things that were to take place in the future, that he did not intend and did not suppose that he was waiving the consequences of a failure to do acts in the past, but supposed he was dealing solely with regard to things that were to be done in the future, and he was simply using that word regarding things to be done. If that is what that waiver means, if it related to what was going to be done in the future, you can find for the defendant at once. If, on the other hand, you think it was with reference to what had gone on in the past, if it related to the failure to give notice originally, then the case demands further consideration at your hands. But if you think that that waiver was merely a waiver of the acts which Mr. Allyn says he told him he was going to do, if it was simply to excuse him, saying, "You need not go to that trouble, you need not do anything of that kind, I will save you that trouble,

I will waive that," if that is all, it does not amount to anything, because that was an unimportant and nugatory act that had no legal effect whatsoever. On the other hand, if he meant to waive what had taken place in the past, to waive his right to insist upon the effect of his not giving a demand, making a demand and not giving notice, then it is important, it may help in the final disposition of this case. Now, as to what conclusions your minds come upon that question, I am going to have you take these questions. . . . If you say the waiver related to the future, you may bring in a verdict for the defendant. If you think it related to the past, then you are to go on to consider the other questions which are involved here."

The plaintiff excepted to the questions put by the judge to the jury, and to the judge's instructions relating to them.

The judge then instructed the jury upon the question of fraud, the defendant having contended that his signature was procured fraudulently. The jury answered the first question in the affirmative and the second question in the negative, and returned a verdict for the defendant. The plaintiff alleged exceptions. The character of the exceptions in regard to the admission of oral evidence is described in the opinion.

*C. T. Callahan*, for the plaintiff.

*A. L. Green*, (*F. F. Bennett* with him,) for the defendants.

SHELDON, J. It is argued by the plaintiff that the oral evidence introduced at the trial was not competent and ought not to have been considered on any other question than the issues as to whether the defendant's waiver of demand, notice and protest had been procured by fraud or improper inducement, or was made under a mistake or in such ignorance of the material facts as not to be binding; and that the jury ought not to have been allowed to apply it to the question whether the waiver was of a past or of a future demand and notice, or even to consider that question at all. The plaintiff contends that this indorsement with the waiver which it contained constituted a completed agreement in writing, which could not be varied or controlled by oral evidence. It is not disputed on either side, as it could not be (see R. L. c. 73, § 126), that such a waiver may be made as well after as before the failure to make seasonable demand and notice; and the plaintiff contends

that the effect of such a waiver, made without limitation, cannot be limited by oral evidence of the actual meaning of the parties either to an antecedent or to a subsequent failure to make proper demand and give proper notice. *Leonard* v. *Smith,* 11 Met. 330. *King* v. *Nichols,* 138 Mass. 18, 23. This doctrine has been maintained in other actions upon promissory notes in our own decisions. *Torpey* v. *Tebo,* 184 Mass. 307. *Rowe* v. *Bowman,* 183 Mass. 488. *Equitable Ins. Co.* v. *Adams,* 173 Mass. 436, 438. *Wright* v. *Morse,* 9 Gray, 337. It has been upheld in other States in actions upon indorsements made with a waiver like that before us. *Iowa Valley State Bank* v. *Sigstad,* 96 Iowa, 491. *Lockwood* v. *Bock,* 50 Minn. 142. *Farmers' Exchange Bank* v. *Altura Co.* 129 Cal. 263. It is one of general application and ought not to be departed from. We agree accordingly with the plaintiff that the jury in the case at bar did not have the right to find that the defendant's liability was in any respect less than that imported by the words of the indorsement which he signed; nor do we find anything in the decision formerly made in this case and reported in 193 Mass. 110, to lead us to a different conclusion.

But it does not follow that the plaintiff's exceptions can be sustained. The parol evidence received was competent, not only upon the issues of fraud or mistake, but also for the purpose of applying the language of the written agreement to its subject matter, and for the further purpose of showing the circumstances under which the agreement was made, and thus giving the court the light of those circumstances in ascertaining the true construction of the agreement. *Sutton* v. *Bowker,* 5 Gray, 416. *Blanchard* v. *Page,* 8 Gray, 281, 287, 288. *Alvord* v. *Cook,* 174 Mass. 120. *Scaplen* v. *Blanchard,* 187 Mass. 73. *Germania Ins. Co.* v. *Lange,* 193 Mass. 67. And without stating this evidence in detail we are of opinion that the jury had a right to find upon it that in the conversation between Allyn and the defendant, which preceded and brought about his new indorsement, two protests of the note in question were in the minds of the parties: one, which, if it had been made within sixty days of the date of the note, would have fixed the liability of the defendant (R. L. c. 73, § 88; *Merritt* v. *Jackson,* 181 Mass. 69); and another, which the plaintiff's

agent contemplated making in the immediate future, which of itself would have been wholly inefficacious to affect the rights of the parties. Under these circumstances it was for the jury to say upon the evidence which of these two separate protests (using this word to include demand and notice) was the subject matter of the agreement, or in other words to which one of them the defendant's waiver related. *Toole* v. *Crafts*, 193 Mass. 110. *Fisk* v. *Fisk*, 12 Cush. 150. This was the question submitted to them by the judge; and their finding upon it in favor of the defendant cannot now be reviewed.

The result is that the plaintiff's exceptions must be overruled; and it is

*So ordered.*