E. A. ANDERSON, RECEIVER OF THE RUSSELL BANK, Appellant, v. FIRST NATIONAL BANK OF CHARITON AND OTHERS, Appellees.

**Banks and banking**: CERTIFICATE OF DEPOSIT: INTEREST AGREEMENT.
1 The printed statement on the back of a certificate of bank deposit containing the printed signature of the depository bank, relating to the payment of interest, with no agreement as to interest or the time of payment expressed on the face of the certificate, is not as matter of law a part of the agreement between the bank and the depositor.

**Same:** DEMAND AND NOTICE OF NONPAYMENT: DISCHARGE OF INDORSERS.
2 Under the circumstances of the instant case it is held, that demand and notice of nonpayment of a certificate of bank deposit were not made within a reasonable time, conceding that a printed provision on the back of the certificate relating to the payment of interest was a part of the contract, and that the indorsers were discharged by reason of the delay.

*Appeal from Lucas District Court.*—HON. M. A. ROBERTS, Judge.

MONDAY, OCTOBER 25, 1909.

THE opinion states the material facts.—*Affirmed.*

*J. A. Pennick,* for appellant.

*Stuart & Stuart* and *W. W. Bulman,* for appellees.

WEAVER, J.—On July 24, 1907, the First National Bank of Chariton was engaged in business under the national banking act at Chariton, Iowa. At the same time, and for some time thereafter, the Russell Bank was a partnership engaged in the conduct of a private banking business at Russell, Iowa. F. R. Crocker, the cashier and manager of said national bank, was also a partner with one Brandon in the ownership and control of the Russell Bank; Brandon, with the assistance of employes, having the immediate charge of the business. On the date above named, as was subsequently revealed, the national bank had been subjected to great loss and depletion of its assets by the defalcation and fraud of Crocker, but this condition was concealed, and did not become public until about October 31, 1907, when Crocker committed suicide, and the bank's insolvency was made known. On the date named J. A. McKlveen, having no knowledge or notice of the true condition of said bank, and believing it to be sound and solvent, deposited therein the sum of $1,000, receiving therefor a certificate in the following form:. "The First National Bank of Chariton. Not subject to check. Chariton, Ia., July 24, 1907. Certificate of deposit. Dr. J. A. McKlveen has deposited in this bank one thousand dollars, payable to his order on demand, upon the return of this certificate properly indorsed. $1,000. No. 90,483. W. B. Beem, Assistant Cashier." On the back of this instrument there appears a printed paragraph or statement in the following form: "Interest Agreement. This certificate will draw three per cent. interest per annum if left six months; no interest if drawn before six months. No deviation in any case from

the above will be made. Chariton National Bank. State Savings Bank. First National Bank." On August 28, 1907, the payee indorsed and transferred said certificate to the firm of McKlveen & Eikenberry, by whom it was indorsed and transferred to the Russell Bank on August 29, 1907, said firm receiving credit therefor upon its account with said last-named bank. As we have already noted, the insolvency and failure of the national bank resulted in the closing of its doors on or about October 31, 1907, and the fortunes of the Russell Bank were so bound up with those of the first-named institution, or of its cashier, that its failure soon followed, and a receiver was appointed to wind up its affairs. No presentation of the certificate of deposit for payment, or demand for the payment thereof, was made until November 25, 1907, when it was presented to, and demand made of, the receiver in charge of said national bank, but no presentment was made to the bank itself until January 25, 1908, and payment was in each instance refused, notice of which was at once given to J. A. McKlveen and Mc-Klveen & Eikenberry. Thereafter this action at law was instituted by the plaintiff as receiver of the Russell Bank, who seeks to charge the said McKlveen and McKlveen & Eikenberry as indorsers of the certificate of deposit.

The indorsers admit the facts as hereinbefore stated, but deny liability on two grounds: First, that said certificate is an instrument payable on demand; that to charge the indorsers thereof presentment and demand of payment and notice of nonpayment were required to be made within a reasonable time after the date thereof, and that said Russell Bank and its receiver did not make such presentment and demand, or give the indorsers notice of the nonpayment of the certificate within a reasonable time; and, second, that the Russell Bank and its receiver are estopped to assert any claim, because the partnership owning and controlling said Russell Bank was charged with notice of the failing condition of the national bank, and of the necessity of the

prompt presentation of such certificate of deposit to avoid loss thereon, but, having such notice, failed to act, and withheld such paper, without demand of payment or attempt to collect until long after said national bank had closed its doors in hopeless bankruptcy. On the issues thus joined a jury was waived and the cause tried and submitted to the court, which found for the defendant on both propositions: First, that the certificate of deposit was not presented for payment within a reasonable time, thereby releasing the indorsers from liability; and, second, that the defendant's plea of estoppel is sustained by the record. The receiver appeals.

I. The appellant takes issue upon the proposition that the instrument in controversy was not presented within a reasonable time. It is not denied that the instrument is, in fact, payable on demand, but it is contended

1. BANKS AND BANKING: certificate of deposit: interest agreement.

that, by virtue of the printed matter on the back of the instrument, to which we have already adverted, the holder of the certificate was entitled to refrain from demand for a period of six months, and thereby be entitled to receive interest, and that a delay of less than that period must be said, as a matter of law, to be not unreasonable. There might be some force in this contention if we could say, as a matter of law, that the printed matter on the back of the paper is a part of the contract between the depositor and the bank. But this we are not prepared to do. In the case cited and relied upon by appellant, *Kirkwood v. Bank,* 40 Neb., 484 (58 N. W. 1016; 24 L. R. A., 444; 42 Am. St. Rep., 683) the certificate contained an express stipulation that, if the deposit was left in the bank six months, interest would be paid thereon. Such is not the case here. There is no agreement or suggestion as to time of payment or interest expressed in the certificate in suit. Upon the back is a printed paragraph which purports to be an "interest agreement," signed by the printed signatures of three different banks, including the First National, to the effect that an allowance of three per

cent. interest would be made on deposits left undrawn for
six months. Its effect would seem to be that of a species of
"gentlemen's agreement" for the repression of undue com-
petition. No reference is made to it in the body of the in-
strument, and, so far as the evidence shows, it was not called
to the attention of the depositor, nor any discussion had on
the subject of interest. Indeed, on the appellant's objection,
all evidence tending to develop the facts in this respect was
excluded.

But, even if we concede appellant's contention that this
printed matter is a part of the contract between the depositor
and the bank, we still think it was competent for the trial
court to find, under the circumstances of this
case, that the delay in making presentment
for payment was unreasonable. That this is
an instrument payable on demand, see Code
Supp., 1907, section 3060-a7. Under the same act, the pre-
sentment of such an instrument, in order to charge indorsers,
must be made within a reasonable time "after its issue."
Code Supp., 1907, section 3060-a71. And in determining
whether the time is reasonable regard must be had not only
to the nature of the instrument, but also "to the facts of the
particular case." Code Supp., 1907, section 3060-a193.
Among the facts of this particular case are the close rela-
tions existing between the two banks, and the inference
which may fairly be drawn of their more or less intimate
knowledge of each other's affairs; the position with each oc-
cupied by Crocker; the fact that these months of 1907
marked the culmination of a widespread panic in financial
affairs, prompting every holder of bank paper to increased
vigilance to avoid loss thereon; and the delay of a month
after the national bank closed its doors before any demand
was made on the receiver, and nearly three months before
any presentment was made to the bank—and these, with all
other circumstances developed in the record, make up such a
case that we cannot say that the trial court erred in holding

2. SAME: demand
and notice of
nonpayment:
discharge of
indorsers.

that the demand of payment and notice of nonpayment were not duly made, and that the indorsers were thereby discharged. The primary question thus presented was one of fact, and not of law, and the finding of the trial court thereon has the force and effect of a jury verdict, with which we cannot properly interfere.

It is due to counsel that we advert to his suggestion that, as we have held in *Elliott v. Bank,* 128 Iowa, 275, that the statute of limitations does not begin to run upon an ordinary certificate of deposit until demand and refusal of payment, it follows of logical necessity that the liability of the indorser of such certificate continues in full force until the paper is matured by such demand. But we cannot concede the correctness of the analogy or of the deduction sought to be made. The holder of such paper may delay the demand unreasonably as respects the rights of the indorser, whose liability is contingent only while the delay in no manner prejudices the maker, whose liability is original and absolute. For the protection of the former the statute, as we have seen, provides that presentment and notice of nonpayment of such paper, in order to bind him, must be made within a reasonable time after "its issue." The holder must act within that limit if he wishes to retain the benefit of the indorsement.

II. The conclusion reached in the preceding paragraph of this opinion renders it unnecessary to discuss or pass upon the alleged errors as to the findings and rulings of the trial court on the issue of estoppel. The question as to the extent to which the Russell Bank and its receiver are bound by the knowledge of Crocker is one not in all respects easy of solution; and, there being no present necessity for entering that field of inquiry, we shall not attempt it.

For reasons stated in the first paragraph of the opinion the judgment of the District Court is *affirmed.*