PLYMOUTH COUNTY TRUST COMPANY *vs.* ELLEN J. SCANLAN.

Plymouth.    March 7, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Bills and Notes,* Demand note, Presentment. *Words,* "Reasonable time."

At the trial of an action by the payee of a demand note, a bank, against an indorser, the wife of the maker, there was undisputed evidence that previous notes of the husband to the same bank, indorsed by the defendant, had been time notes and had been paid or renewed at maturity; that the defendant knew nothing of the business dealings of her husband or that he had paid interest on the note; that she never had been in the bank's place of business; that the maker's place of business was within three hundred feet of the bank; that almost eight months after the date of the note he had made an assignment for the benefit of his creditors, and that the bank made no demand for payment of the note until a year and two months after its date. There was no evidence of a usage of trade

or business as to what was a reasonable time within which demand should have been made. *Held,* following *Merritt* v. *Jackson,* 181 Mass. 69, that there could be no recovery against the indorser because on the undisputed evidence demand for payment of the note was not made within a reasonable time, namely, within sixty days of its date.

CONTRACT, the first and only material count of the declaration being upon a promissory note for $550 signed by the defendant's husband and indorsed in blank by the defendant as described in the opinion. Writ dated April 15, 1913.

In the Superior Court the case was tried before *Dubuque,* J. The material evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to rule as follows:

"1. That upon all the evidence the plaintiff is not entitled to recover upon the first count in its declaration.

"2. That the note declared upon by the plaintiff in its first count, being a note payable on demand, and dated November 29, 1910, and indorsed by the defendant, upon which no demand was made on the maker until January 29, 1912, was one which required a demand to be made upon the maker within sixty days of the date in order to charge the indorser. No such demand was made, and there is no evidence introduced by the plaintiff, which excuses the plaintiff from making such demand."

The judge refused so to rule. Appropriate instructions not excepted to were given to the jury.

The jury found for the plaintiff on the first count in the sum of $580.48.

After the return of the verdict and before the recording thereof, the trial judge under St. 1915, c. 185, "reserved leave, with the assent of the jury, to enter a verdict for the defendant, if, upon the exceptions taken or the questions of law reserved," the Superior Court "or the Supreme Judicial Court should decide that such verdict for the defendant should have been entered," and reported the case to this court, "to dispose of the same as it deems proper."

The case was submitted on briefs.

*E. H. Fletcher,* for the defendant.

*R. W. Nutter,* for the plaintiff.

DE COURCY, J. The main question raised by the exceptions

is whether the demand note in suit was presented for payment "within a reasonable time after its issue," as required by the negotiable instruments law. R. L. c. 73, § 88. The note was made by Maurice A. Scanlan, dated November 29, 1910, payable to the order of the plaintiff, and indorsed by the defendant Ellen J. Scanlan, the wife of the maker. On January 29, 1912, it was presented at the trust company for payment, and notice of dishonor was duly sent to the indorser.

The statute expressly provides (§ 209): "In determining what is a 'reasonable time' or an 'unreasonable time' regard is to be had to the nature of the instrument, the usage of trade or business, if any, with respect to such instruments, and the facts of the particular case." It was decided in *Merritt* v. *Jackson,* 181 Mass. 69, under this statute, that in the absence of any evidence to show a usage of trade or business to the contrary, or of facts in the particular case to bring it within § 209, a demand note must be presented within sixty days in order to hold the indorser. That case is decisive of the present one. The plaintiff has failed to show that any usage with respect to demand notes has grown up different from that which had the force of law in this Commonwealth for nearly sixty years before the enactment of the negotiable instruments law. Nor were any facts in evidence which render this customary standard inapplicable. The defendant, who indorsed the note for the accommodation of her husband, had no knowledge of his business dealings or of the fact that he had paid interest on this note. She never was in the plaintiff's place of business, where the note was payable. The earlier notes indorsed by her were time notes and were paid or renewed at maturity. And while the maker of the note made an assignment for the benefit of creditors July 13, 1911, the demand for payment of this note was not made on him until January 29, 1912, although his place of business was on Main Street in Brockton within two or three hundred feet of the trust company.

In some circumstances it may be a difficult question to determine what shall be deemed a reasonable time within which to demand payment of the maker, in order to charge the indorser. *Seaver* v. *Lincoln,* 21 Pick. 267. We are of opinion, however, that on the undisputed facts in the present case a demand made fourteen months after the issue of the note was not made "within

a reasonable time;" and that the judge should have ruled as requested by the defendant. *Merritt* v. *Jackson, ubi supra. Commercial National Bank of Syracuse* v. *Zimmerman,* 185 N. Y. 210. *Anderson* v. *First National Bank of Chariton,* 144 Iowa, 251. *Frazee* v. *Phoenix National Bank,* 161 Ky. 175. See *Toole* v. *Crafts,* 196 Mass. 397, 401.

The conclusion reached on the main question makes it unnecessary to consider the defendant's exception to the admission of the letter from the attorneys of the maker of the note.

In accordance with the report, a verdict for the defendant shall be entered in accordance with R. L. c. 173, § 120, as amended by St. 1915, c. 185, § 1.

*Ordered accordingly.*