ALLEN W. MILLIKEN, executor, *vs.* SARAH DAVIS.

Bristol.   January 2, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes,* Indorser, Demand note, Note secured by mortgage, Presentation and dishonor.   *Custom.*

A promissory note, payable on demand and secured by a mortgage of real estate, provided for interest monthly and payments of principal on interest days.   The payee indorsed the note.   No payments of principal were made by the maker.   About nine months after the indorsement the indorsee made demand upon the maker and gave notice of nonpayment to the indorser.   The mortgage was foreclosed thereafter by the indorsee.   In an action on the note by the indorsee against the indorser, it was admitted that "it is customary for demand mortgage notes, so long as there is no default, to run for an indefinite time without a demand being made for the payment of the principal." A judge hearing the action without a jury found that the demand and notice were not made within a reasonable time and found for the defendant.   *Held,* that

(1) The requirement of demand and notice within a reasonable time was not affected by the fact that the note was secured by a mortgage;

(2) There having been a default, the custom did not affect the note in the circumstances;

(3) The findings by the judge were warranted.

CONTRACT.   Writ dated October 16, 1925.

J. E. Norton Shaw, the original plaintiff, having died, the executor of his will was admitted to prosecute the action. The action was heard in the Superior Court by *Williams,* J., without a jury.   Material evidence is stated in the opinion. The judge found for the defendant and reported the action for determination by this court, the finding to be set aside and judgment to be entered for the plaintiff if, as a matter of law, demand and notice were made within a reasonable

time; otherwise, judgment to be entered for the defendant upon the finding.

The case was submitted on briefs.

*G. N. Gardiner & A. W. Milliken,* for the plaintiff.

*T. F. O'Brien & S. E. Bentley,* for the defendant.

WAIT, J. This action was begun by an indorsee of a promissory note against his indorser who was also the payee; and is now prosecuted by his executor. The note was dated April 4, 1924, and promised payment of $1,100 on demand "with payments of Fifty Dollars ($50) on interest days, with interest Monthly at the rate of nine per centum per annum for such time as the principal sum or any part thereof shall remain unpaid" to Sarah Davis or order. On July 28, 1924, Sarah Davis indorsed it to the order of Shaw, the testator. At that time $1,100 was due. No payments of the monthly $50 had been made. The rate of interest was reduced to eight per cent. No payment either of interest or principal was thereafter made. May 5, 1925, demand was made on the makers for payment of principal and interest, and a new notice of nonpayment was given Sarah Davis as indorser. She waived demand and notice for payment on May 5, but did not waive any presentment or notice which might have been required at any time before May 5. The note was secured by a mortgage of real estate, which was assigned to Shaw when the note was indorsed, and which was foreclosed on June 8, 1925. It was admitted that "it is customary for demand mortgage notes, so long as there is no default, to run for an indefinite time without a demand being made for the payment of the principal."

The defendant contended that she was discharged from liability by failure to make a presentment and to give notice. The judge so ruled, found for the defendant, and reported the case. If demand and notice were given within a reasonable time, the findings are to be set aside and judgment in proper amount to be entered for the plaintiff; if not, judgment is to be entered on the findings.

. The fact that this note was secured by a mortgage does not affect the rules of law applicable to it as a demand note. *Hale* v. *Rider,* 5 Cush. 231. *Ely* v. *Ely,* 6 Gray, 439. *Colt*

v. *Barnard,* 18 Pick. 260.   See *Strong* v. *Jackson,* 123 Mass.
60.   *Murphy* v. *Barnard,* 162 Mass. 72, 79.   To render an
indorser of such a note liable, demand within a reasonable
time and notice of nonpayment are essential, unless they
have been waived.   G. L. c. 107, § 94.   The custom proved
does not affect this note; because there had been default, and
failure to notify for an indefinite time is unimportant only
where there has been no default.   This note provides for
payments of $50 on each interest day.   It imports an obliga-
tion on the maker to make the payment.   *Beaman* v. *Gerrish,*
235 Mass. 79.   On failure to pay the $50 the note was dis-
honored.   *Fitchburg Mutual Fire Ins. Co.* v. *Davis,* 121 Mass.
121.   *Vinton* v. *King,* 4 Allen, 562.   Delay for nine months
to give notice of this failure may well be found to be un-
reasonable.   The case of *National Bank of North America*
v. *Kirby,* 108 Mass. 497, relates to nonpayment of interest
and is not authority controlling here.   There was no error
in the findings and the order will be

*Judgment for defendant.*