Riley, J.
The plaintiff, an endorsee of a promissory note, brings this action to recover on the note against the defendant who was the immediate prior endorser of the note and also the payee of the same.
The note is dated January 20, 1930, is in the sum of $500.00, payable on demand with interest payable semiannually at the rate of 6% per annum, and is signed by *58 Steve Stodulski and Josephine Stodulski, who are husband and wife, as makers. The note was secured by a second mortgage of real estate in Pittsfield, Mass, where all the parties to the note live. On April 16, 1932 it was endorsed and delivered to the plaintiff with the following endorsement: “Pay to the order of Valentine G-idzela, Julian Koziol.” Interest was paid up to and including July 20, 1935 as provided by the note, but nothing has been paid upon the principal.
Among other defences set up by the defendant were failure of proper presentment for payment to the makers and a denial that any notice of dishonor was ever given to the defendant by the plaintiff.
The trial judge states in the Report that none of the witnesses were very familiar with the English language and it was somewhat difficult to determine whether they understood the import of the answers given by them. However, on conflicting evidence, some of which is set out in the Report, he found that on January 20,1936 a demand was made for the interest and that on March 12, 1936 a demand was made for the principal and interest at that time due and that on March 16,1936 a registered letter was mailed to the defendant notifying him of the dishonor of the note and that such notice of dishonor must have been received by the defendant at the latest on the 18th of March, 1936. He found that the legal obligation of the plaintiff to demand payment of the note within a reasonable time after having had the note endorsed to him arose at the time of such endorsement ; that he failed to make such demand within such reasonable time and to give notice of dishonor within a reasonable time thereafter, and found for the defendant.
He refused the following Requests for Rulings filed by the plaintiff:
1. Upon all the evidence and weight of the evidence the plaintiff is entitled to a verdict.
*59 2. And upon all the evidence there was proof of demand and notice of dishonor. Therefore, verdict should be for the plaintiff.
3. And upon all the law verdict should be for the plaintiff.
The defendant filed no Requests for Rulings of Law but made certain Requests for Findings of Fact relative to the presentment of the note for payment to the makers and the method thereof and the giving to the defendant of notice of dishonor by the plaintiff. These were dealt with by the trial judge in a manner not inconsistent with his general findings above set out with the exception of the defendant’s fifth Request for Finding, which was as follows: “The plaintiff did not demand payment of the makers of )said note within a reasonable time after its issue or endorsement.” The trial judge dealt with this Request as follows: “The request is a Request for a Ruling of Law and I rule that the demand for payment was not made within a reasonable time after the endorsement of the note.” By his manner of dealing with this Request he gratuitously made a Ruling of Law out of a Request for a Finding of Fact. As the correctness of the judge’s rulings as well as his refusal to rule has been reported by the trial judge, it is necessary for us to determine whether his ruling that the demand for payment was not made within a reasonable time, as matter of law, can be sustained.
In order that the endorser of such a note may be held liable by his endorsee upon the note, it is necessary that a demand be made within a reasonable time and notice of non-payment be given, unless the same have been waived. Milliken v. Davis, 267 Mass. 181, 183. The burden of proving waiver of demand and notice is upon the plaintiff and there is no finding of a waiver of these requirements in this case and no evidence set out in the Report which would re *60 quire such a finding. The fact that the note is secured by mortgage does not affect the rules of law applicable to it as a demand note. Milliken vs. Davis, 267 Mass. 181 at 182 and cases cited. Where an instrument is payable on demand it must be presented for payment within a reasonable time after its issue. G. L. (Ter. Ed.) Ch. 107 § 94. Issue has been defined in G. L. (Ter. Ed.) Ch. 107 §18, as the first delivery of an instrument complete in form to a person who takes it as a holder. By G. L. (Ter. Ed.) Ch. 107 § 20, it is provided that in determining what is a reasonable time regard is to be had to the nature of the instrument, the usage of trade or business if any with respect to such instruments and the facts of the particular case. However, our courts have held, since the passage of the Negotiable Instrument Act, as well as before, a demand on a promissory note, payable on demand, must be made within 60 days of the date in order to hold an endorser in the absence of any usage of trade or particular facts. Merritt vs. Jackson, 181 Mass. 69. Plymouth Co. Trust Co. vs. Scanlon, 227 Mass. 71. The trial judge has specifically found that there was no evidence of any custom of allowing the principal to remain unpaid during such time as the installments of interest should be duly paid and has made no findings of any usage of trade or business or facts which would control the general rule of law adopted by our court in reference to demand for payment of an instrument payable on demand.
The note in the present case was transferred by the defendant to the plaintiff by endorsement more than two years after its issue. Consequently, it was overdue at the time of its negotiation to the plaintiff. Obviously the plaintiff could make no démand for payment until the note had been negotiated to him and the question arises when it was incumbent upon him to make demand for payment upon *61 the makers and give notice of dishonor to the defendant. It is provided in G. L. (Ter. Ed.) Ch. 107 § 29, that when an instrument is issued, accepted or endorsed when overdue, it is, as regards the person so issuing, accepting or endorsing it, payable on demand. This is in accordance with the law before the passage of the Negotiable Instruments Act. Colt vs. Barnard, 18 Pickering 260. It has been said that demand paper, endorsed after maturity, becomes due again after a reasonable time following such endorsement and must be presented accordingly. Bassenhorst vs. Willey, 45 Ohio State 333. In a case where the uniform Negotiable Instruments Law discloses no provision purporting to control the rights of the parties the rules of the law merchant •govern, G. L. (Ter. Ed.) Ch. 107 §22. South Boston Trust Co. vs. Levin, 249 Mass. 45, 46.
Our conclusion is that in order to hold the defendant liable in this case it was incumbent upon the plaintiff to make demand for payment on the makers of this note within a reasonable time after it had been negotiated to him on April 16, 1932 and that, as matter of law, his first demand for such payment, either made on January 20, 1936 or March 12, 1936, nearly four years .after such negotiation, was not within a reasonable time under the decisions of our court. Merrit vs. Jackson, 181 Mass. 69. Plymouth Co. Trust Co. vs. Scanlon, 227 Mass. 71 and cases cited. The trial judge was not, therefore, in error in ruling as he did on the defendant’s fifth Request for Finding, above set out, or in his finding for the defendant. Consequently, it follows that there was no error in his denying the plaintiff’s Requests that upon all the evidence and the weight of evidence or that upon all the law he was entitled to a finding in his favor, or that there was sufficient proof of demand and notice.
The Report, accordingly, must be dismissed.