## *PHILLIPS, Jr., *vs.* WHITE *et al.*

[SPEER, Justice having been of counsel in this case, Judge CRISP of the southwestern circuit, was designated by the governor to preside in his place.]

1. When the sheriff made the following levy : " Levied this *fi. fa.* on forty acres of land as described in book M of Record of Deeds of Newton county, on page 633, from John Webb Davis, Davis & Weaver, known as the Newton Manufacturing Company, on which land is a number of houses, grist and saw mill. Also about ninety acres of land lying on the west of said factory tract and west of Alcora river. Also part of tract, etc., all of said land lying in Newton county ;" and claimant at the trial moved to dismiss the same as to the ninety acres therein mentioned for the want of sufficient description and because the same was too general :

*Held*, that there was no error in refusing said motion.

2. When in a claim case, the question was, whether a deed of conveyance was fraudulent, and the evidence was conflicting, and the jury found the property subject to the *fi. fa.*, and there was sufficient evidence to sustain the verdict, this court will not reverse the judgment of the court below refusing to grant a new trial in the case

CRISP, Judge.

---

## THE NATIONAL EXCHANGE BANK *vs.* KIMBALL *et al.*

Written waiver of "demand and notice" on the part of the indorser of a promissory note payable at bank, is in effect a waiver of demand and refusal and protest therefor.

JACKSON, Chief Justice.

---

## PURYEAR *vs.* THE STATE OF GEORGIA.

The mere discovery of evidence cumulative of that introduced on the trial of a case is not good ground for an extraordinary motion for new trial. To warrant such a motion there would have to be some circumstance or event of an unusual character, not ordinary in its nature, that delayed or prevented this discovery.

SPEER, Justice.

*No reports or opinions are published in the following cases, under the provisions of the act of March 2d, 1875. (R.)