LORRIN A. COOKE ET AL., RECEIVERS, *vs.* MARY J. POMEROY.

First Judicial District, Hartford, January Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A stockholder in a corporation, subscriptions to whose stock were required by its charter to be secured by real estate mortgages or indorsed notes, and paid as the directors might determine, gave her indorsed note for the unpaid balance of her subscription, which note was payable "thirty days after demanded." *Held* that the statute of limitations did not begin to run against the note until thirty days after actual demand was made.

The same rule applies to an indorsement of such a note, the circumstances

of which are known to the indorser, and the indorsement of which contains a waiver of protest.

Section 1859 of the General Statutes, which provides that a demand note, unpaid four months after its date, shall be considered overdue and dishonored after that time, has no application to a note payable a certain length of time after demand.

[Argued January 3d—decided January 18th, 1895.]

ACTION to recover the amount of two stock notes held by the plaintiffs as receivers of the Continental Life Insurance Co., brought to the Superior Court in Hartford County and tried to the court, *Shumway, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The charter of the company, granted in 1862, provided that within twenty days after its organization, thirty per cent of the subscriptions to its capital stock must be paid in, and the remainder "secured to be paid" by real estate mortgage or indorsed notes, and paid "in such installments and at such times as the directors may determine." The defendant, on June 1st, 1874, owned 80 shares of stock, and held a certificate for it which stated that she owned it "subject, nevertheless, to the payments due thereon, according to the charter and by-laws of said company, and her indebtedness and liability to the same." On the same day she gave to the company, in part payment of the amount of the stock, and as representing the unpaid subscription for said shares, a note reading as follows:

"$1,200.        HARTFORD, CONN., June 1st, 1874.

"Thirty days after demanded, for value received, I promise to pay to the order of Edwin Bulkley at the Farmers and Mechanics National Bank, Hartford, Conn., the sum of twelve hundred dollars, with interest after said thirty days.

"MARY J. POMEROY."

When given to the company, it was indorsed by the payee, and a waiver of protest was written over the indorsement.

On the same day, another stockholder, owning the same number of shares, gave his note for the same amount, payable

to her order, which was thereupon delivered to the company with a similar indorsement by her, under similar circumstances, she knowing that the note represented the unpaid subscription to his stock. Both notes were kept as part of the assets of the company until December 23d, 1887, when it was adjudged insolvent and dissolved, and they came into the possession of the plaintiffs as its receivers. On March 9th, 1888, the plaintiffs made demand upon each note, and payment having been refused, due notice was given to the indorsers.

The defendant had always continued to be the owner of the 80 shares of stock, and had received several dividends declared thereon after the notes were given and prior to the insolvency of the . company. The assets of the company, when it went into the hands of the plaintiffs, were, and have ever since been, insufficient to discharge its liabilities. Its capital stock, ever since 1866, had been represented by shares on which only 40 per cent had ever been paid ; the remainder having been secured by promissory notes given by the holders of the shares. The charter provided that the capital stock and other funds of the company should be invested either in real estate mortgages, or bonds of the United States, or of a State, or of a corporation, or in bank stocks, except that it might loan not exceeding 25 per cent of its capital and other funds upon indorsed promissory notes, not having more than twelve months to run.

The statute of limitations was pleaded in defense to the action.

*E. Livingston Wells,* for the appellant (defendant).

No demand has been shown to have been made till fourteen years after the notes were delivered. It is well settled law that a note payable on demand is payable at once, without demand ; and it is almost as well settled law, that when a demand is necessary before bringing an action, that the demand must be made within the period of the statute of limitations. If no cause for delay can be shown, demand should be made within the time limited for bringing actions.

A party should not be permitted to sleep over his rights. *Codman* v. *Rogers*, 10 Pick., 119; Angell on Limitations, 115; *Ball* v. *Keokuk, etc. R. R. Co.*, 62 Iowa, 754; *Pitts. & Connellsville R. R. Co.* v. *Byers*, 72 Amer. D., 770; *Morrison* v. *Mullin*, 34 Pa. St., 12.

Where demand is a condition precedent to the right to sue, or to fix the liability of the party, the demand must be made within the period of limitation.

A party cannot prevent the running of the statute of limitations by omitting to do some act which he might have done. *Reizenstein* v. *Marquardt*, 9 Amer. St. R., 477; *Pitts. R. R. Co.* v. *Byers*, 32 Pa. St., 22; 72 Amer. D., 770; *Kraft* v. *Thomas*, 18 Amer. St. R., 346; *Morrison* v. *Mullin*, 34 Pa. St., 12; *Palmer* v. *Palmer*, 36 Mich., 487; Wood on Limitation of Actions, § 118; *Ball* v. *Keokuk etc. R. R. Co.*, 62 Iowa, 753; *Baker* v. *Johnson Co.*, 33 id. 155; *Newson* v. *Board of Com.*, 103 Ind., 530; *U. S. & S. F. R. R. Co.* v. *Burlingame Township*, 36 Kan., 634; *High* v. *Board, etc.*, 92 Ind., 580; Am. & Eng. Ency. of Law, Vol. 13, p. 726; *Baker* v. *Johnson*, 33 Iowa, 151; *Lower et al.* v. *Miller*, 66 id, 413; *Prescott* v. *Gonser*, 34 Iowa, 175; *First National Bank* v. *Greene*, 64 id., 448; *Beecher* v. *County of Clay*, 52 id., 142; *Palmer* v. *Palmer*, 36 Mich., 487.

The claim that this is an action to recover the amount of a stock subscription as well as an action on the notes is untenable. In the first place the suit is obviously on the notes alone. And, secondly, the finding of the trial court is that the notes in question were given in payment of the stock subscription.

*John R. Buck* and *John H. Buck*, for the appellees (plaintiffs).

I. The notes in question formed a fund held in trust for the benefit of creditors until a necessity should arise for turning them into actual assets, and, as forming such trust fund, they were a continuing security until paid, and the statute of limitations did not begin to run on them until thirty-three days after an actual demand was made, which

would be on April 11th, 1888. Now, when a demand is made, and a suit is brought, the defendant attempts to shield herself by pleading the statute of limitations against the company of which she has been a member, and whose dividends she has drawn. This she cannot do. *Scovill* v. *Thayer*, 105 U. S., 154, 155 ; *Hawkins* v. *Glenn*, 131 U. S., 332, 334.

In section two of the charter of The Continental Life Insurance Company, it is provided that, " the remainder of the amount so subscribed for shall * * * be payable in such installments and at such times as the directors may determine." This certainly establishes the fact, that at the very time of the making of these notes it was not intended that they should become immediately payable. It was, in other words, an express provision that the statute of limitations should not begin to run until a call was made by the directors ; and moreover, the notes merely expressed the desire of the subscribers that their stock subscriptions, when needed, should be collected in that way, and by that provision in the charter each subscriber placed the time of making that call entirely within the discretion of the directors. *Kilbreath* v. *Gaylord*, 30 Ohio St., 308.

II. These notes may be considered simply as notes payable " thirty days after demanded." In this case, also, the statute would not begin to run until thirty-three days after an actual demand, viz : April 11th, 1888. Notes of this class may be brought under the general head of contracts whose performance depends upon a condition precedent. Such prior performance must be strictly complied with, and no action will lie until such compliance. It has been the uniform rule in English decisions that the statute of limitations does not begin to run against notes like the two in question until an actual demand is made. *Holmes* v. *Kerrison*, 2 Taun., 322 ; *Thorpe* v. *Booth*, Ry. & M., 388 ; *Thorpe* v. *Combe*, 8 Dow. & Ry., 347 ; *Howland* v. *Edmunds*, 24 N. Y., 308. Nearly all of the American cases hold that such expressions as " one month after demand " show on their face that the intent of the parties signing is that the notes should not be payable until actual demand, and that delay in payment is not only

contemplated, but is plainly expressed. *Little* v. *Blunt*, 9 Pick., 488; *Taylor, Admr.*, v. *Whitman, Admr.*, 3 Grant's Cas. (Pa.), 139. The case of *Codman* v. *Rogers*, 10 Pick., 112, relied upon by the defendant, is clearly distinguishable.

BALDWIN, J. When the defendant signed one of the notes in suit and indorsed the other, she did so knowing that they represented the amount unpaid upon the original subscriptions to certain shares of stock in the Continental Life Insurance Co. Part of that stock she then owned herself, and upon it she subsequently received dividends. The corporation retained the notes, without making any demand upon them, for thirteen years, and until it became insolvent. During this time they constituted part of its assets, and must have been returned as such in its annual statements to the insurance commissioner. General Statutes, Revision of 1875, p. 304, Art. III. They were in form negotiable promissory notes, payable upon a contingency which was under the control of the holder. *Protection Ins. Co.* v. *Bill*, 31 Conn., 534. That contingency was the making of a proper demand upon the maker, and no action could lie upon the notes until thirty days thereafter.

Where a note is payable on demand, no demand is necessary before suit; but if payable a certain time after demand, no right of action can arise until a demand and the subsequent lapse of the time specified. *Thorpe* v. *Booth*, Ry. & M., 388; *Holmes* v. *Kerrison*, 2 Taun., 323; *Taylor* v. *Witman*, 3 Grant's Cas. (Pa.), 138, 139. Until demand and refusal of payment, such a note cannot ordinarily be considered dishonored, as regards either maker or indorser. General Statutes, § 1859, applies only to notes payable on demand, and upon which, therefore, suit can be brought as soon as they are given.

There are authorities which hold that in the case of a note payable at the expiration of a certain time after demand, the statute of limitations begins to run against it upon the expiration of that time after the day when a demand ought in reason to have been made; and that a demand ought in

reason to be made within the period allowed by the statute for suing on notes which are payable on the day of their date. *Palmer* v. *Palmer*, 36 Mich., 487, 24 Amer. Rep., 605. If such be the law in any case, it must rest on the presumed intention of the parties to the contract at the time of its execution. The circumstances under which these notes were given exclude any such presumption. They were taken in part payment of shares of the capital stock, which before had been payable at such times as the directors might determine. After the acceptance of the notes, the same sums as before were payable to the company by the same persons, but on terms more favorable to them, since payment could not be compelled until thirty days after a demand. It is obvious that this arrangement was made for the benefit of the shareholders. In substance, they prolonged their term of credit by procuring a surety for their obligations, in the shape of an indorser of their notes given for the amount due. As no interest began to run until the principal should become payable, it was manifestly for their benefit that the notes should lie without demand as long as the circumstances of the company would permit.

The defendant's contract as indorser of the note of another shareholder was entered into as a means of securing these advantages to him; and her own note secured them for herself. The indorser of an ordinary note payable on demand was presumed by the common law to anticipate a demand upon the maker within a reasonable time, and, if none were thus made, could not be held. But this was simply a question of the intent of the parties, to be determined both from the face of the contract and any proper extrinsic evidence. *Lockwood* v. *Crawford*, 18 Conn., 361, 372. Not only do the form of the notes in suit and the attending circumstances, to which reference has already been made, indicate no expectation of a demand, and no occasion for one in the interest of the indorsers, but over each indorsement there was written when it was given, "Notice of protest waived." The legal effect of this was to release the company, so far as each indorser was concerned, from any obligation to make demand

or give notice.    *City Savings Bank* v. *Hopson*, 53 Conn., 453.
A demand remained necessary only to fix the time when the
note would become payable.    It is not and could not be
claimed that the plaintiffs did not make due demand and
give due notice, within a reasonable time after their appoint-
ment.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.