# CHARLESTON.

DAVIS NATIONAL BANK OF PIEDMONT v. C. E. KIGHT *et al.*

Submitted April 14, 1920.    Decided April 27, 1920.

1. BILLS AND NOTES—*Manner of Presentment and Notice of Dishonor.*

    A negotiable note, payable on demand, should be presented at the place of payment within a reasonable time, and notice of its dishonor given to the indorser, personally or by letter, stamped and mailed to him at his last known address, in order to bind him.  (p. 320).

2. SAME—*Reasonable Time to Present Demand Note is Question of Fact.*

    What is reasonable time in which to present a demand note for payment is a question of fact depending upon the circumstances of each particular case.  (p. 320).

3. SAME—*Note Payable at and Held by Bank and Presumed to be in Bank When Presented.*

    When a bank at which a note is payable is the holder thereof, the presumption is that the note was in the bank when presentment was made.  (p. 322).

86 W. Va.

Error to Circuit Court, Mineral County.

Action by the Davis National Bank of Piedmont against C. E. Kight, and Charles N. Finnell, administrator, d. b. n. c. t. a. of D. J. Long, deceased. Judgment for plaintiff, and defendant administrator brings error.

*Affirmed.*

*Arthur Arnold, Chas N. Finnell* and  *W. C. Grimes,* for plaintiff in error.

*Robert McVeigh Drane* and *Harry G. Fisher,* for defendant in error.

WILLIAMS, PRESIDENT:

To a judgment recovered by plaintiff against Charles N. Finnell, Adm'r. d. b. n. c. t. a., of D. J. Long, deceased, upon a negotiable note made by C. E. Kight and endorsed for his accommodation by said D. J. Long, said administrator was awarded this writ of error.

The principal question presented is, was presentment and notice of dishonor made within a reasonable time? The note was made September 25, 1916, payable on demand, to the order of D. J. Long at the plaintiff bank at Piedmont, W. Va., and was discounted by it for the maker. It was never renewed but interest on it was paid at several different times, the last being for interest to April 1, 1918. D. J. Long died, testate, April 4, 1917, leaving Mabel H. Long, his widow, as his executrix, who qualified as such on May 15, 1917. The note was protested on May 22, 1918, and notice thereof addressed to Mrs. Long, executrix, at Piedmont, W. Va., her address, and deposited in the post office at that place, properly stamped. Mrs. Long thereafter, on the 26th of June, 1918, married and thereby became disqualified as executrix, and the appellant, Charles N. Finnell, qualified as administrator, d. b. n. c. t. a., of D. J. Long, deceased. This suit was begun by notice of motion for judgment, to be made on the 21st day of January, 1919, the first day of the January Term of the circuit court. The case was heard by the court in lieu of a jury, by agreement of counsel, and the judgment complained of rendered against appellant, as the administrator of D. J. Long, deceased, on the 2nd day of June, 1919.

Was presentment for payment made within  a  reasonable

time? Section 71 of the Negotiable Instruments Act says, when an instrument is payable on demand, "presentment must be made within a reasonable time after its issue." What is a reasonable time depends upon the circumstances of each particular case. *Bacon's Adm'r.* v. *Bacon's Trustees,* 94 Va. 686; 8 C. J. sec. 751; 1 Daniels on Neg. Insts. (6th ed.) sec. 604. The reasonableness of the time is a question of fact for the jury, in this case the court, as the case was submitted to him in lieu of a jury. The law lays down no hard and fast rule applicable to all such cases. It is proven to be the custom and practice of the plaintiff bank to carry demand notes when the interest is kept promptly paid thereon, for long periods of time, without requiring renewals thereof. D. J. Long, the endorser, was a stockholder in, and one of the directors of the plaintiff bank and, presumably, knew of this custom of his bank. Interest on the note was paid two or three times by the maker, before Mr. Long died and he, no doubt, knew of it and made no objection to the bank's carrying the note. It was read at a number of directors' meetings at which he was present, and at one of those meetings at which he acted as president, he being vice-president and the president being absent, he remarked when the note was read, "I guess I will have that note to pay."

Fifteen shares of the capital stock of the Casper Oil and Gas Co., a corporation, were pledged by the maker of the note, either with the bank, as additional and collateral security, or with the endorser to indemnify him as endorser, but the evidence is conflicting as to the purpose of the pledgor, nor is this fact controlling. The maker did not testify, and the testimony of the witnesses is conflicting. Regardless of this fact, and in view of the circumstances, and the custom of the bank, we cannot say as a matter of law, that the delay for a year and eight months to present the note was unreasonable. Moreover, the alleged delay is not shown to have prejudiced the endorser's estate, which is entitled to no higher consideration than he would be entitled to if living. It is argued that the pledged stock in the Caspar Oil and Gas Co. depreciated in value in the meantime, and only $15,00 per share was realized for it. But this is only a presumption, there is no evidence as to its actual value at any time prior to the dissolution of said company, at which

time it paid only $15.00 per share. Nor is there any evidence respecting the solvency or insolvency of the maker of the note.

The notice of protest is sufficient. Secs. 95 and 96 Neg. Inst. Stat. It identifies the note and states that payment of it was refused by plaintiff bank, at which it was payable, on a certain day named, because there were no funds with which to pay it. The bank at which it was payable being also the holder of the note, the presumption is that the note was in the bank during business hours. 1 Daniel Neg. Inst. (6th ed.) sec. 657; *Folger* v. *Chase,* 18 Pick. 63 and *Doherty* v. *First Nat'l. Bank of Louisville,* (Ky.) 186 S. W. 937.

The judgment will be affirmed.

*Affirmed.*