No. 22,892.

C. A. HOLMES, *Appellant,* v. J. W. WINTERS, *Appellee.*

SYLLABUS BY THE COURT

PROMISSORY NOTE—*Dishonored by Nonpayment—Recourse to All Parties Secondarily Liable Thereon.* Under the negotiable-instruments law (Gen. Stat. 1915, §§ 6610, 6611) providing that a negotiable instrument is dishonored by nonpayment when it is overdue and presentment is excused, and that in such circumstances an immediate right of recourse against all parties secondarily liable thereon accrues to the holder, *held,* in an action on a promissory note, it was error to sustain a demurrer to the bill of particulars on the ground that it failed to show that plaintiff used any diligence to collect from the maker.

Appeal from Morton district court; EDGAR FOSTER, judge, *pro tem.* Opinion filed January 8, 1921. Reversed.

*Edgar Roberts,* of Garden City, for the appellant.

*Joseph E. Terrall,* of Springfield, Colo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was commenced in a justice court on a promissory note. The bill of particulars alleged the execution, indorsement before maturity, waiver of presentment, notice of nonpayment, protest and notice of protest, and that no part of the note had been paid. On appeal to the district court the defendant demurred to the bill of particulars on the ground that it fails to show that any diligence was used to collect from the maker of the note. The demurrer was sustained and plaintiff appeals.

The negotiable-instruments law provides that a negotiable instrument is dishonored by nonpayment when it is overdue and presentment is excused (Gen. Stat. 1915, § 6610), and that "when the instrument is dishonored by nonpayment an immediate right of recourse to all parties secondarily liable thereon accrues to the holder." (Gen. Stat. 1915, § 6611.) Because of the express waiver by the indorser of presentment and notice of nonpayment, his obligation for the payment of the note became unconditional and absolute and the

holder was entitled to bring suit immediately after maturity. (3 R. C. L., § 362, p. 1148.)

The judgment is reversed and the cause remanded with directions to overrule the demurrer.