Submitted on briefs January 11, affirmed March 29, 1927.

## BEN S. FISHER *v.* W. A. COLLVER ET AL.

(254 Pac. 815.)

**Parties—Demurrer for Defect of Parties can be Interposed Only for Nonjoinder, and not Misjoinder—"Defect of Parties."**

1. A demurrer on the ground of defect of parties can be interposed only for nonjoinder, and not for misjoinder, since defect of parties means too few and not too many.

**Bills and Notes—Maker and Indorser Waiving Notice of Protest and Nonpayment may be Joined as Defendants in Suit on Note (Or. L., §§ 37, 7903).**

2. In action on note, maker and indorser may be joined as defendants, in view of Sections 37, 7903, Or. L., where indorser has waived notice of protest and nonpayment, since indorser's obligation to pay note is absolute, if maker does not do so.

**Bills and Notes—Liabilities of Maker and Indorser of Note are Several.**

3. Liabilities of maker of a promissory note and of an indorser are several, liability of the maker being absolute, while that of the indorser is contingent.

**Pleading—Demurrer Admits Truth of All Material Allegations of Complaint.**

4. Demurrer admits truth of all material allegations of complaint and every reasonable inference deducible therefrom.

**Courts—Decisions of Other Jurisdictions are not Valuable Where Decision Depends on Local Statute.**

5. Where decision of a cause depends on a statute peculiar to the local jurisdiction, the decisions of foreign jurisdictions are not of great assistance.

---

2. See 3 R. C. L. 1148.
3. See 3 R. C. L. 1136.
4. See 21 R. C. L. 1136, 1147.

Limitation of Actions—Complaint on Its Face Held not to Show
    That Note was Barred by Limitations (Or. L., § 25).
    6. In suit on note, complaint, after reciting amount and time of
payments, alleging "defendants have wholly failed, refused and
neglected to pay note or any portion thereof except as hereinbefore
alleged," *held* not to show on its face that suit was barred by
statute of limitations (Or. L., § 25).

Limitation of Actions—Either Maker or Indorser Might Toll Limi-
    tations for Enforcement of Note by Payments Thereon (Or. L.,
    § 25).
    7. So far as tolling statute of limitations (Or. L., § 25) for
enforcement of note, it was immaterial whether maker or indorser
made payments thereon.

Bills and Notes, 8 **C. J.**, p. 715, n. 56, p. 853, n. 20.
Limitation of Actions, 37 **C. J.**, p. 1145, n. 75, p. 1160, n. 76.
Pleading, 31 **Cyc.**, p. 293, n. 97, p. 333, n. 76, p. 336, n. 83.

From Coos: J. C. KENDALL, Judge.

In Banc.

This action was commenced on August 31, 1923, to recover from the defendant, W. A. Collver, the amount alleged to be due on a promissory note on which he was an indorser. Other defendants were joined, but were never served, nor did they make any appearance. The note for $180 was executed on November 22, 1911, by defendants J. T. Collver and Max Moore, due on or before one year after date, and payable to the order of W. A. Collver. The note is set out in the complaint *in haec verba*, together with the following indorsement thereon: "Notice of protest and nonpayment waived. W. A. Collver." Payments are thus alleged: "Paid $44.90, July 10, 1915. August 31, 1917. Pd. $28.80 int."

Paragraph 3 alleges:

"That thereafter and before the commencement of this action the said note was for value duly endorsed and transferred by the defendant W. A. Collver to Robert McCann, who has since transferred the same to Ben S. Fisher, the plaintiff herein, and the plaintiff

is now the owner and holder thereof, and the said note has not been paid nor has any payments been made thereon, except the sum of $44.90 paid July 10, 1915 and $28.80 paid August 31, 1917, which sums were paid as interest thereon and there is now due and owing and unpaid upon the said note from the defendants to the plaintiff herein, by reason thereof, the sum of One Hundred Eighty ($180.00) Dollars, together with interest thereon from the 31st day of August, 1917, at the rate of eight per cent per annum.''

Paragraph 4:

''That prior to the commencement of this action the said Robert McCann duly sold, assigned and transferred the said note to the plaintiff herein and the plaintiff is now the owner and holder thereof and there is justly due and owing from the defendants to the plaintiff the sum of One Hundred Eighty ($180.00) Dollars together with interest thereon at the rate of eight per cent per annum from the 31st day of August, 1917.''

Paragraph 5:

''That the said Robert McCann and the plaintiff herein have repeatedly demanded payment of the same from the defendants and each of them, but the defendants have wholly failed, refused and neglected to pay the said note or any portion thereof except as hereinbefore alleged.''

Defendant W. A. Collver demurred to the complaint on the following grounds: (1) Defect of parties defendant; (2) That several causes of action have been improperly joined; and (3) that the action has not been commenced within the time limited by statute.

The demurrer was overruled and, upon refusal of the defendant to plead further, judgment was entered against him for the amount due upon the note and

for attorneys' fees as therein provided.   Hence this appeal.                                        AFFIRMED.

For appellant there was a brief over the name of *Mr. A. E. Seaman.*

For respondent there was a brief over the name of *Mr. Ben S. Fisher.*

BELT, J.—1. There is no merit in the contention of defect of parties.   This statutory ground for demurrer means too few parties: *Tieman* v. *Sachs,* 52 Or. 560 (98 Pac. 163).   We take it appellant is complaining that too many have been joined in this action.

2. Relative to the second ground for demurrer, defendant asserts that it is improper to join, as parties defendant, a maker and an indorser of a promissory note, as their contractual obligations are separate and distinct.   In view of the waiver of notice of protest and nonpayment, there is an absolute obligation on the part of the defendant, W. A. Collver, as indorser, to pay the note if the maker does not do so: *Holmes* v. *Winters,* 108 Kan. 227 (194 Pac. 639); *Atkins* v. *Dixie Fair Co. et al.,* 135 La. 622 (65 South. 762); *Bryden* v. *Cairncross,* 145 Wis. 478 (130 N. W. 527); 3 R. C. L. 1148; 8 C. J. 715.   Section 7903, Or. L., provides that a waiver of protest is deemed to be a waiver, not only of a formal protest, but also of pre-sentment and notice of dishonor.

3. The liability of a maker of a promissory note is absolute, while that of an indorser is contingent: *Everding & Farrell* v. *Toft,* 82 Or. 1 (150 Pac. 757, 160 Pac. 1160).   The liability of a maker and that of an indorser is a several one.   For these reasons, there are many authorities which hold, in the absence

of a statute conferring such right, it is improper to join a maker and an indorser in an action on a promissory note: 8 C. J. 853. In this state the right of joinder is conferred by Section 37, Or. L., which provides:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes may, all or any of them, be included in the same action, at the option of the plaintiff."

Washington and Oklahoma have statutes which are identical with the above section and, in those jurisdictions, it is held proper to join a maker and an indorser in an action on a promissory note: *Petri* v. *Cornelius et al.,* 99 Wash. 601 (170 Pac. 127, 1 A. L. R. 1595); *Locke et al.* v. *First National Bank of Ardmore* (Okl.), 248 Pac. 869.

4, 5. Does the complaint upon its face show that the action is barred by the statute of limitations? The demurrer admits the truth of all the material allegations of the complaint and of every reasonable inference deducible therefrom: *Marshall* v. *Marshall,* 98 Or. 500 (194 Pac. 425); *Wills* v. *Nehalem Coal Co.,* 52 Or. 70 (96 Pac. 528); 21 R. C. L. 506. It is argued that a payment, as alleged, if made by one of the makers of the note would not toll the statute as to an indorser. This proposition is well supported by the authorities of many jurisdictions: *Barber* v. *W. M. Absher Co.,* 175 N. C. 602 (96 S. E. 43); *Highland Inv. Co.* v. *Kansas City Computing Scales Co.,* 277 Mo. 365 (209 S. W. 895); *Maddox* v. *Duncan,* 143 Mo. 613 (45 S. W. 688); *Smith* v. *Dowden,* 92 N. J. Laws, 317 (105 Atl. 720); *Morgan* v. *Huffmann,* 76 Mont. 396 (247 Pac. 326); *Mitchell* v. *Graham,* 27 Ga. App. 60

(107 S. E. 373). However, as said in *Ford* v. *Schall,* 110 Or. 21 (221 Pac. 1052):

"Because of a statute peculiar to our own state, the decisions of other jurisdictions are not of great assistance in the determination of this cause."

6, 7. Section 25, Or. L., provides:

"Whenever any payment of principal or interest has been or shall be made upon an existing contract, whether it be bill of exchange, promissory note, bond, or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made."

In the case last cited the above section was construed and it was held that a payment by a joint maker of a note, although without the knowledge or consent of his comakers, will not toll the statute as to any of the joint obligors. While the precise question here involved was not before the court, the construction therein given to the above statute leads to the conclusion that the same rule would obtain as to an indorser. The statute is impersonal and makes no distinction between a maker and an indorser. As stated in *Dundee Investment Co.* v. *Horner,* 30 Or. 558 (48 Pac. 175):

"Its effect (Section 25) is to make the fact of such part payment operate as a continuation of the original promise, while, under the rule prevailing elsewhere, the payment is only evidence of a new promise, which, being supported by the original consideration, becomes substantially the basis of a new cause of action: 1 Wood on Limitations, 287. In other words, under the statute, the payment prevents any interruption of the original obligation. It simply fixes the time when the statute commences to run, and does not operate by means of a new promise to take a

case out of a statute which is already running at the time the payment is made.  At least this is the effect of the construction put upon the statute by the adjudications of this court, and it has therefore been held that payment by any person liable, directly or in a representative capacity, will keep the debt alive as to all persons liable thereon, whether such payment was made by their authority or not.''

We cannot agree with the contention of the appellant that it does not appear from the complaint that any of the defendants made the payments on this note.  After reciting the amount and time of payments it is alleged " * * the defendants have wholly failed, refused and neglected to pay the said note or any portion thereof except as hereinbefore alleged.'' So far as tolling the statute is concerned, it is immaterial as to which one of the defendants made the payment.  We think it appears on the face of the complaint that this action was commenced before the expiration of six years after the date of the last payment.

The judgment entered in accordance with the prayer of the complaint is affirmed.     AFFIRMED.