# CHARLESTON.

J. A. MORRISON *v.* L. N. FRANTZ *et als.*

(No. C. C. 404)

Submitted January 11, 1928.   Decided January 17, 1928.

BILLS AND NOTES—*To Preserve Liability of Endorsers of Negotiable Demand Note Expressly Waiving Presentment, Protest, and Notice of Dishonor on Face, Holder Need Not Present Note and Demand Payment; Holder of Negotiable Demand Note May Sue Endorsers Without Presentation, Protest, and Notice, Expressly Waived by Them (Code, c. 98a, §§ 71, 82).*

Where the endorser of a promissory negotiable note payable on demand, expressly waives "presentment, protest and notice of dishonor," in the face of the note, it is not necessary for the holder to present the note at the place of payment and demand payment in order to preserve the liability of the endorsers thereon; and he may maintain suit thereon against them when the note becomes payable without having presented it at the place of payment and had the same protested for non-payment, and notices of dishonor sent to the endorsers.

(Bills and Notes, 8 C. J. § 984.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case Certified from Circuit Court, Cabell County.

Action by J. A. Morrison against L. N. Frantz, John S. Farr, and J. R. Lilly, defended by the last two defendants. The trial court's ruling rejecting a plea of defendants on plaintiff's demurrer thereto was certified for review.

*Ruling affirmed.*

*Simms & Staker,* for plaintiff.

*Via, Hardwick & Quinlan* and *McClure & Winters,* for defendants Farr and Lilly.

LIVELY, JUDGE:

Plaintiff Morrison sued defendants, L. N. Frantz, John S. Farr and J. R. Lilly, on a promissory negotiable note by notice of motion for judgment to be made in court on May 27, 1927. The note is as follows:

"Huntington, W. Va., April 14, 1919. On demand, after date for value received I promise to pay to the order of J. A. Morrison Five thousand Dollars, negotiable and payable at the American Bank & Trust Company of Huntington, W. Va. The makers and endorsers of this note hereby waive presentment, protest and notices of dishonor.

(Signed) L. N. FRANTZ."

On the back of the note are the words "endorsed, J. R. Lilly, John S. Farr", followed by notations of payment of interest as follows: "Int. paid to April 14, 1920, $300.00; Int. paid to April 14, 1921, $300.00; Int. paid to April 14, 1922; Int. paid to April 14, 1923."

L. N. Frantz made no defense to the suit. Lilly and Farr appeared, pleaded the general issue, and tendered two special pleas. Plea No. 1 was allowed to be filed on which issue was joined, but plea No. 2 was rejected. The ruling of the court in rejecting plea No. 2 on demurrer of plaintiff thereto was certified to this court for review, upon the joint application of the parties. The notice of motion copied the above note and

alleged that the waiver of protest, presentment, and notices of protest on the face of the note was a part of the contract' agreed to by the maker and endorsers and therefore it was not necessary for plaintiff to present the note for payment, nor to protest same, nor to give notices of dishonor in order to bind the endorsers. Plea No. 2 set up the fact that no demand for payment was made within a reasonable time after the execution of the note either upon the maker or endorsers, for the eight years (the time between the date of note and time when suit was begun), was not a "reasonable time" in which payment should be demanded. Plaintiff contended that presentment for payment is the same as demand for payment, and that defendants had waived presentment for payment and no demand for payment was necessary within the period of limitation on the right to maintain suit. Thus the controlling question on the correctness of the trial court's ruling, was clearly presented.

In England it seems to be the rule that a demand note is a continuing security and it is not necessary to present it for payment on the next day, but as a general rule in the States, presentment for payment must be speedily made in order to hold the endorsers. Daniel Neg. Insts. 6th ed. sec. 606. However, our statute (chap. 98-A, sec. 71, Code) provides that if the instrument is payable on demand, presentment must be made within a reasonable time after it is due, and it is very generally held that what is a "reasonable time" depends upon the nature of the instrument, the usage of trade with respect to such instrument, and the facts of the particular case. Uniform Laws Anno. Vol. 5, p. 529, sec. 193, and sec. 71. *Davis National Bank v. Kight*, 86 W. Va. 319. The rejected plea avers that eight years in this case is an unreasonable delay in making demand for payment of the $5,000.00 note. Plaintiff counters by saying that presentment for payment was expressly waived on the face of the note by the maker and endorsers. Chap. 98-A sec. 82, Code. Defendants say there is a distinction between "presentment", and "demand for payment." What is "presentment" within the meaning of the negotiable instruments law? What is the purpose of presenting the note to the maker or to the bank where pay-

able? Presentment in the law merchant is "the production of a bill of exchange or promissory note to the party on whom the former is drawn for his acceptance, or to the person bound to pay either, *for payment.* Century Ed. Bouvier's Law Dic. p. 970; Rowles' 3d Ed. Bouvier's Law Dic. p. 2674; Black's Law Dic. (2nd ed.) p. 934. Where the instrument has been executed and the parties bound thereby presentment means presentment for payment, as distinguished from presentment for acceptance which must be made before the instrument is due. *First Nat. Bank* v. *Whitmore*, 177 Fed. 397; 101 C. C. A. 401. The express waiver in the face of the note here sued on waiving "presentment, protest and notices of dishonor", is a waiver of presentment for payment. It could have no other meaning. The purpose of presentment for payment is for protest and notice of dishonor if not paid in order to bind the endorsers. The usual certificate of protest recites that the protested instrument was duly presented and payment thereon demanded, and payment refused, giving the reason. The heading under which "presentment" is considered in that excellent work R. C. L. is "presentment for payment." See 3 R. C. L. p. 1169. It is so designated in our negotiable instrument statute in the heading of Art. 6, p. 1833, Code 1923, and in sec. 70 of that chapter. The effect of an express waiver by an endorser, of presentment and notice of non-payment is that his obligation for the payment of the note becomes unconditional and absolute, and the holder is entitled to bring suit immediately after maturity. *Bryden* v. *Cairncross*, 145 Wis. 478, 130 N. W. 527; *Holmes* v. *Winters*, 108 Kan. 227, 194 Pac. 639; *Owensboro Savings Bank* v. *Haynes*, 143 Ky. 534, 136 S. W. 1004; *Atkins* v. *Dixie Fair Co.*, 135 La. 622, 65 St. 762. Numerous other cases prior to these modern ones, could be cited. The principle of law is too well settled to admit question. See Story on notes (7th ed.) sec. 148, p. 199. Defendants, Lilly and Farr are endorsers under sec. 63, chap 98-A, Code, the uniform negotiable instrument law. They designate themselves as such on the back of the note by using the word "endorsed". Some of the courts have gone so far as to hold that waiver of "protest" by an endorser before maturity dispenses with demand and notice

of dishonor. *Bank* v. *Falkenhan,* 94 Cal. 141; *Fitch* v. *Citizens Nat. Bank,* 97 Ind. 211; *Carpenter* v. *Reynolds,* 42 Miss. 807; *Jaccard* v. *Anderson,* 37 Mo. 91; *Annville Nat. Bank* v. *Kettering,* 106 Pa. St. 531; *Bank* v. *Kimball,* 66 Ga. 753; *Cooke* v. *Pomeroy,* 65 Conn. 466, 32 Atl. 935.

There was no error in the action of the court in sustaining the demurrer to defendants' plea No. 2, and we so answer the question certified.

*Ruling affirmed.*