OHIO VALLEY BUILDERS SUPPLY COMPANY *et al. v.* THE FIRST
NATIONAL BANK OF NEW MARTINSVILLE

(No. 6802)

Submitted March 17, 1931. Decided March 24, 1931.

*Willis & Ball, Larrick & Lemon,* and *Newman & Newman,*
for appellant.

*E. H. Yost,* and *Poffenbarger & Poffenbarger,* for appellees.

HATCHER, JUDGE:

This appeal presents the right of the payee of notes to pro-
ceed against the endorsers, after taking a separate judgment
against the maker. The events involved follow in chrono-
logical order. Two (renewal) notes were executed by Ohio
Valley Builders Supply Company payable to the First Na-
tional Bank of New Martinsville, one for $365.00 dated No-
vember 8, 1926, and the other for $2,000.00 dated December
24, 1926. Each was payable four months after date and each
was endorsed by W. J. Williamson, G. W. Yost, H. C. Haw-
kins and E. H. Yost. (There were also two other endorsers
but they are not connected with the present litigation.) On

March 10, 1927, W. J. Williamson brought a general credi-
tors' suit against. the Supply Company in which he named
(with others) G. W. Yost, H. C. Hawkins and E. H. Yost
as defendants, and had process issued which was accepted by
them; but the bill sought no specific relief against them. The
bill charged that the Supply Company was insolvent and
prayed that a receiver be appointed which was done. The
Bank filed an answer (on June 17, 1927) setting up and
filing the two notes, naming the endorsers, and praying that
"its rights" might be protected, but asking for no specific
relief against the endorsers. The cause was referred to a
commissioner (on October 20, 1928) who was directed to
report the assets of, and the debts against, the Supply Com-
pany. The receiver was given authority to renew the notes
of the Supply Company, which he did as to the two notes
due the Bank, on February 8th and February 24, 1929, re-
spectively. Each of these renewals was endorsed by William-
son, Hawkins and the Yosts. The commissioner filed his
report April 20, 1929, and among the debts reported were
the two due the Bank. The report was confirmed on May 29,
1929, and the property of the Supply Company was ordered
to be sold. It does not appear whether this order was exe-
cuted. On December 14, 1929, the Bank gave notice to the
Supply Company and the above named endorsers that it
would move for judgment against them on January 7, 1930,
for $2,489.34, the sum of the two notes above referred to,
that the notes were due and unpaid, and that the Bank
elected to hold the endorsers as makers of the notes. The
Supply Company and the endorsers secured an injunction
against the prosecution of the motion and the Bank appeals.

The endorsers would support the injunction on the follow-
ing theory: (a) they were named as parties in the bill in
the creditors' suit; (b) the answer of the bank therein made
it a co-plaintiff; (c) the answer named them in its descrip-
tion of the notes of the Supply Company; and (d) the answer
prayed that "its aforesaid rights and interests  *  *  *  be
fully protected;" therefore (e) the scope of the creditors'
suit became enlarged so as to include relief against the en-
dorsers; and (f) the bank, having failed to pursue its remedy

against them there, is now precluded to seek such relief in an independent proceeding. 24 Am. & Eng. Ency. L., p. 763, 34 C. J., p. 980, and other authorities are cited to the effect that if a joint suit is brought by a payee and a separate judgment taken, it is a bar to any subsequent joint action. No useful purpose would be served to develop further the position of the endorsers, as we cannot agree that the Bank brought a joint suit in filing its answer in the creditors' suit. It did not name the endorsers as parties to its answer; it sought no specific relief, and called for no process against them. It is a settled rule of procedure that merely naming a person in a pleading does not make him a party thereto even if his relation to the subject matter is stated, unless *special relief* against him is asked. If the prayer of the Bank that its "aforesaid rights and interests" be protected, should even be taken as a prayer for general relief, nevertheless, specific relief against the endorsers would not have been warranted. *Milling Co.* v. *Read*, 76 W. Va. 557, 560; *Goff* v. *Price*, 42 W. Va. 384, 387, 393.

The Negotiable Instrument Law, Code 1923, chapter 98A, section 63, clearly fixes the status of Williamson and associates as that of endorsers; and section 66 defines their engagement as such. Under that law their contract is not identical with that of the Supply Company. They did not promise primarily and absolutely to pay the Bank, as did the company; but merely to pay if the company failed to pay. They cannot be regarded as jointly obligated with the company, but as "mere conditional debtors up to the period when their liability" became fixed by default of the company. 8 C. J., subject Bills and Notes, sec. 558. "A contract of indorsement, when made, is neither a primary nor an absolute one. It is secondary and conditional. It is but an agreement for future liability upon and after the happening of certain contingencies." *Link* v. *Bergdoll*, 35 Pa. Super. 155. Therefore, the case of *Morgan* v. *Edgar et al.*, 107 W. Va. 536, relied on by the learned trial chancellor (in a written opinion), is not applicable, as there a recovery was sought against the defendants T. L. Morgan and C. W. Edgar, as "joint makers" of a note. Neither does the rule stated in

the annotation, 1 A. L. R., p. 1601 (quoted by the chancellor), apply, but rather the rule on page 1625: ''Where a judgment is obtained against one of several joint and several obligors, the rule is that, unless there is an entire satisfaction of the judgment, it is no bar to an action against the other parties to the contract.''

Consequently the judgment obtained by the Bank in the creditors' suit against the Supply Company is no bar to the motion for judgment against the endorsers; and the decree of the circuit court enjoining the prosecution of that motion is set aside and the injunction bill is dismissed.

*Injunction set aside; bill dismissed.*