GEORGE S. ARNOLD, *Receiver, v.* POTOMAC IMPROVEMENT COMPANY *et al.*

(No. 8455)

Submitted March 3, 1937. Decided March 23, 1937.

426

*Harry K. Drane,* for plaintiff in error.

*Emory Tyler* and *Wm. MacDonald,* for defendants in error.

MAXWELL, JUDGE:

In this proceeding of notice of motion for judgment, the plaintiff, George S. Arnold, Receiver of The First National Bank of Keyser, recovered judgment against Potomac Improvement Company, a corporation, for $3110.29, but as to the defendants, William MacDonald

and W. J. Koelz, there was judgment of *nil capiat*. The court acted without a jury, the latter having been waived by the parties. On writ of error awarded the plaintiff, there is here brought under review the action of the trial court in relieving the individual defendants from liability.

The action is based on a renewal note for $3,000.00, dated February 6, 1926, executed by Potomac Improvement Company by William MacDonald, president, indorsed by William MacDonald, W. J. Koelz, and H. C. Koelz, and payable on demand to The First National Bank of Keyser, West Virginia. The last-named indorser is a non-resident of the state and is not before the court in this case.

Interest was paid on the note at irregular times. The last credit, $120.00, November 21, 1932, covered the interest to February 6, 1933. There also appear from memoranda on the back of the note to have been two credits on principal, the first, $272.35, September 19, 1933, and the second, $100.00, May 10, 1934. The latter appears under the caption, "Offset". What is the explanation thereof, we are not advised. The source of the credits, interest and principal, does not appear from notations on the note nor from any other evidence adduced at the trial.

The bank ceased active business March 6, 1933. The note was presented by the receiver to the Potomac Improvement Company, maker, and payment demanded August 26, 1935. Upon refusal of payment, the note was immediately protested and notice duly given to both the maker and the indorsers.

The gravamen of the case lies in the element of time involved. The circuit court held that the demand for payment which was made of the maker by the holder had not been made within reasonable time, and, for that reason, the individual defendants, indorsers, were released from liability.

By the negotiable instruments law, it is provided that where an instrument is "payable on demand, presentment must be made within a reasonable time after its issue, ex-

cept that in the case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof." Code, 46-6-2. Attendant upon the proper application of this statutory requirement there necessarily arises the query as to the proper method of determining what is a reasonable time in a given case. In this jurisdiction, the rule is settled that the determination of such question is for the jury, or for the court where it acts without a jury. "What is reasonable time in which to present a demand note for payment is a question of fact depending upon the circumstances of each particular case." *Davis National Bank* v. *Kight*, 86 W. Va. 319, 103 S. E. 482. In a later case, recognizing this rule, it was stated by the court that "it is very generally held that what it a 'reasonable time' depends upon the nature of the instrument, the usage of trade with respect to such instrument, and the facts of the particular case." *Morrison* v. *Frantz*, 105 W. Va. 14, 16, 141 S. E. 394, 395. These statements respecting "reasonable time" and the manner of resolving the same are in conformity with general authority. Brannan's Negotiable Instruments Law (5th Ed.), section 193.

Inasmuch as the record does not disclose by whom the credits, both interest and principal, appearing on the back of the note, were made, it must be presumed that they were made by the maker of the note, and not by the indorsers. Such being the necessary basis for approach, there is nothing in the situation to operate as an estoppel against the indorsers, precluding them from relying on the letter of the law respecting the obligation of indorsers. It is strict and explicit.

The obligation of an indorser of a negotiable note "is not primary and absolute like that of the maker, but is secondary and conditional." *Ohio Valley Builders' Supply Co.* v. *First Nat. Bank*, 110 W. Va. 320, 158 S. E. 181. Consult Code, 46-5-7; 46-17-2. He undertakes to pay only if he be duly informed of the failure of the maker to pay, upon maturity if it be an instrument running for a definite time, or within a reasonable time if the instru-

ment be payable on demand. An indorser need not take the initiative in order that he may be relieved of liability. Responsibility for action lies elsewhere. If the matter rests quiescent the conditional liability of the indorser does not become crystalized. *Peabody Insurance Co.* v. *Wilson,* 29 W. Va. 528, 543, 2 S. E. 888. The payee of a demand note must act if he would convert the indorser's contingent liability into a fixed obligation. If the payee permits the matter to drag beyond the expiration of a reasonable time, the responsibility for delay is his, and not the indorser's.

It does not follow from the naked fact that an officer of a corporate maker is its indorser that he is entitled to any less consideration than must be accorded to indorsers generally. *Engen* v. *Medberry Farmers' Equity Elevator Co.,* 52 N. D. 410, 203 N. W. 182, 39 A. L. R. 915; *Grandison* v. *Robertson,* 231 Fed. 785. But, on particular facts, a different rule as to notice of dishonor has been applied in some cases, typified by *Hull* v. *Myers,* 90 Ga. 674, 16 S. E. 653. There, officers of an insolvent corporation became indorsers for it in order to procure money for its use. Contrasted with that situation, the record herein discloses that when the instant obligation was incurred, the maker's solvency was not questioned. Also, there is here no question of notice of dishonor, because notice to the indorsers was promptly given after payment was demanded of the principal. The question is as to the delay in presentment to the principal and whether the indorsers were discharged by reason thereof, notwithstanding the latter received prompt notice of dishonor—not whether the principal was discharged (it did not contest liability).

The circuit court's conclusion that the note was not presented for payment within a reasonable time was based on the lapse of time dating back from the demand and protest, August 22, 1935, to the closing of the bank, March 6, 1933, and the expiration, February 6, 1933, of the last period for which interest had been paid. Whether that basis for the circuit court's decision was well determined need not now be examined, because we

are of opinion that there is a far broader background. Consideration should be given to the whole time for which the note was in existence before there was demand for payment. The period was nine and one-half years. The record not disclosing that the indorsers participated in making payments on interest or principal, the court should look to the entire time that the note existed before demand, and not merely to the time which elapsed following the last interest period or the closing of the bank.

Where indorsers are involved, it is unreasonable to hold a demand note for nine and one-half years before presenting it for payment. It is generally considered that the periods of time for which demand notes at banks are supposed to be carried are comparable to the periods usually prevailing in respect of time loans by banks of the community. Bigelow on Bills, Notes and Checks (3d Ed.), section 356; *Frazee* v. *Phoenix National Bank*, 161 Ky. 175, 170 S. W. 532; *Plymouth County Trust Co.* v. *Scanlan*, 227 Mass. 71, 116 N. E. 468. It is within general knowledge that time notes payable at banks ordinarily mature within a few months. It is a far reach from such customary period to the nine and one-half years herein involved.

The circuit court's finding that the note was not, within reasonable time, presented to the maker for payment, should not be reversed unless plainly wrong. *Kinsey* v. *Carr*, 60 W. Va. 449, 55 S. E. 1004. The judgment is consistent with the facts proved and will not be disturbed.

*Affirmed.*